## PHILAD. TOOL CO. v. BRITISH AM. ASSURANCE CO.

### APPEAL BY PLAINTIFF FROM THE COURT OF COMMON PLEAS NO. 1 OF PHILADELPHIA COUNTY.

Argued January 9, 1890—Decided February 10, 1890.

[To be reported.]·

(a) A company issued a policy of insurance against loss by fire on brick and frame buildings and the machinery and tools therein, occupied and used by the plaintiff, a manufacturing company, having no title, legal or equitable, to the real estate, and no interest in it except as lessee for a term of years.

(b) The policy contained a provision that it should be void, if the assured was not the sole and unconditional owner of the property, or if the buildings stood on ground not owned in fee-simple by the assured, or the interest of the assured was not truly stated, unless consent in writing was indorsed on the policy by the company:

1. No representation of any kind upon the subject of the title of the assured to the real estate having been made, the policy, written upon the knowledge of the company's agent, was to be interpreted as made in view of the facts of the case, and as intended to cover such interest as the assured had therein.

2. That interest was a leasehold only, but an insurable interest; and presumably it was the interest which an application, if one had been made, would have shown; wherefore, the policy was not void for the alleged reason that an entire premium was paid, and the assured had no title to the buildings, a portion of the property covered by the insurance.

Before STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 300 January term 1889, Sup. Ct.; court below, No. 358 December term 1886, C. P. No. 1.

On January 13, 1887, the Philadelphia Tool Company brought debt against the British American Assurance Company. Issue.

At the trial on January 5, 1888, the plaintiff put in evidence a policy of insurance issued by the defendant company to the plaintiff, for one year from October 5, 1886, to the amount of $2,500; "$1,000, on brick and frame buildings, situate on Oakford street . . . . . and occupied in their business as machinists and iron founders; $1,500, on machinery of every description,

Statement of Facts.

including boiler and engine and their attachments, shafting, belting, tools, fixtures and furniture, utensils and patterns, used in their business as machinists and iron founders, contained therein." The plaintiff was a tenant of the real estate for a term of years, with the privilege of purchasing at any time during the term. Having proved a total loss by fire of the property covered by the insurance, on October 5, 1886, immediately after the policy had been renewed for another year, the plaintiff rested.

The defendant company, offering no testimony, moved the court that a judgment of nonsuit be entered.

The motion was refused by the court, BREGY, J., and under instructions so to do, the jury rendered a verdict for the plaintiff for the amount claimed as the insurance on the personalty, to wit, $1,590, subject to the question of law reserved, to wit:

Whether the plaintiff can recover, notwithstanding it has proved the issuance of the policy in suit, payment of the premium, the fire, the loss to the amount of the insurance on the personalty, and notice and proofs of loss to the company as regards the personalty, but that its evidence has also shown that the policy covered both personal property and real estate, for a single or entire premium, and provided for the insurance of the plaintiff against

"All such immediate loss or damage sustained by the assured as may occur by fire to the property above specified, but not exceeding the interest of the assured in the property, and except as hereinafter provided, . . . . . subject to the following terms and conditions:

"1. Warranty of the assured. The assured, by the acceptance of this policy, hereby warrants that any application, survey, plan, statement or description, connected with procuring this insurance, or contained in, or referred to in this policy, is true, and shall be a part of this policy; that the assured has not over-valued the property herein described, nor omitted to state to this company any information material to the risk; and this company shall not be bound under this policy by any act of, or statement made to, or by, any agent or other person, which is not contained in this policy, or in any written paper above mentioned."

It is also a part of this warranty that if this "policy shall be

continued by renewal, it shall be considered as continued under the original representations, and that any change in the risk, not made known to this company at the time it is so continued, shall render this policy void."

" This policy shall become void, unless consent in writing is indorsed by the company hereon, in each of the following instances, viz. :

" 1. If the assured is not the sole and unconditional owner of the property; or, if any building intended to be insured stand on ground not owned in fee-simple by the assured; or, if the interest of the assured in the property, whether as owner, trustee, consignee, factor, agent, mortgagee, lessee, or otherwise, is not truly stated in this policy; or, if any change take place in the title, interest, location or possession of the property (except in case of succession by reason of the death of the assured), whether by sale, transfer or conveyance, in whole or in part, or by legal process, or judicial decree, or the title or possession be now or hereafter become involved in litigation; or if this policy be assigned or transferred before a loss."

—The evidence of the plaintiff disclosing the fact that it was a tenant only of the real estate and held under a lease from Matilda Cowan, dated January 24, 1882, for a period of ten years, at an annual rent of $900, with the usual covenants as to payment and quiet enjoyment, and the following condition :

" And it is further agreed that the lessee will pay all water-rent, also have the privilege of purchasing the hereby demised premises, at any time during the said term, for the price or sum of thirteen thousand dollars ($13,000)."

Said lease being recorded in the office for recording deeds, etc., for Philadelphia, in Deed Book G. G. P., No. 223, page 459; there being no indorsement on said policy as required in the above quoted condition thereof, and no representations were made as to title or estate.

The question reserved having been argued before the court in banc, on a motion for judgment for the defendant non obstante veredicto, the rule was made absolute on June 30, 1888, without opinion filed, and judgment entered for the defendant. Thereupon the plaintiff took this appeal, assigning the entry of judgment for the defendant, on the question reserved, for error.

Arguments.

*Mr. Thomas R. Elcock,* for the appellant:

1. There was no application made. There was no representation as to title, or value, or anything whatever, the policy being written by the defendant after its agent had inspected and examined the property. Any question, therefore, of title, or estate, or information, was waived: Cumberland V. M. Prot. Co. v. Schell, 29 Pa. 31 ; Howard F. Ins. Co. v. Bruner, 23 Pa. 50. No inquiry was made as to the interest of the assured ; so there was no misleading: Wells v. Insurance Co., 9 S. & R. 103. Unless a statement of interest is required, either in the application or in the policy, the insured need make none ; and unless it is otherwise provided, it is sufficient that he has an insurable interest: Walsh v. Fire Ass'n, 127 Mass. 383 ; Tyler v. Insurance Co., 12 Wend. 507 ; Inslow v. Deale, 18 Md. 26. There was no change in the risk; none is averred.

2. How would indorsing on the policy that the assured was a tenant with the right to purchase the fee, change or vary the risk? The letter of the contract is to insure an unknown risk. The contract is to be taken strongly against the one who writes it and has the advantage of inquiry to guard all his rights: Grandin v. Insurance Co., 107 Pa. 26 ; Imperial F. Ins. Co. v. Dunham, 117 Pa. 460 ; Dwelling-house Ins. Co. v. Hoffman, 125 Pa. 626. Whilst the plaintiff had an insurable interest in the real estate, as every lessee has : Hope M. Ins. Co. v. Brolaskey, 35 Pa. 282 ; Imp. F. Ins. Co. v. Murray, 73 Pa. 13 ; Miltenberger v. Beacom, 9 Pa. 198, yet the plaintiff claims for nothing but its actual loss on machinery and other personal property on the premises. The waiver of the right to recover as to the leasehold, however, is not to be construed as against the plaintiff's absolute rights.

*Mr. Isaac S. Sharp* (with him *Mr. S. H. Alleman*), for the appellee :

1. " The assured warrant . . . . . that they have not omitted to state to this company any information material to the risk," and that " if the assured is not the sole and unconditional owner of the property ; or, if any building intended to be insured stands on ground not owned in fee-simple by the assured," the policy shall be void. It is an admitted fact that the build-

Opinion of the Court.

ings intended to be insured, stood on ground leased to the policy holder, and, therefore, of course, not owned by it in fee-simple. It would seem to be an insult to the court's intelligence to argue that this rendered the policy void as regards the real estate. As, then, the policy is void as to the realty, the consideration was entire, and this rendered the contract of insurance void as to the personalty : Fire Association v. Williamson, 26 Pa. 196; Gottsman v. Insurance Co., 56 Pa. 210.

2. Nor is the principle applicable here, that an examination of the premises by an agent of the company nullifies the implied erroneous representations of the assured. This is true as to the physical condition of the property, because the knowledge which the company has of the true state of facts, estops them from saying that they were misled by an incorrect statement. But how can a physical examination of a property charge the company with knowledge that the insured has only a leasehold, and thus estop them from saying that they did not know what the insured's title was? This would be absurd. No view of the premises could show the title of the assured. The physical condition of the property is what is referred to in Howard F. Ins. Co. v. Bruner, 23 Pa. 50; Cumberland V. M. Prot. Co. v. Schell, 29 Pa. 31. And it is conceded that the company's agents did not know the nature of the assured's interest.

3. How would a business man, whose mind does not reach after technicalities, understand such an instrument? Would he not say, without hesitation, that if a man wanted to insure a part, or a conditional interest, in property, or insure a building standing on leased ground, by this form of policy, he must have the fact indorsed upon it that his interest is partial or conditional, or that the ground on which the building stands is leased? If his attention were called to the terms of the policy, no other thought would present itself to his mind. And this is the test that should be applied to such an instrument; its language should be taken in a popular sense : Wood on Insurance, ed. 1886, 143, 144.

OPINION, MR. JUSTICE WILLIAMS:

A glance at the facts of this case will prepare the way for the application of the legal principles that control it. The action is on a policy of insurance. The insured was a manu-

### Opinion of the Court.

facturing company occupying brick and frame buildings on Oakford street, in the city of Philadelphia, as a lessee. Its machinery and tools were in these buildings, in which its business was conducted. It had no title, legal or equitable, to the real estate, and no interest in it except as lessee. Its property was therefore all personal, and insurable as such, consisting of the leasehold interest in the real estate, and the machinery and tools used in the business. The tool company wanted insurance on its property. In some manner, not explained by the testimony, this fact became known to the representative of the British America Assurance Company, and that company issued a policy for $2,500, $1,000 of which was on the buildings, and the remainder on the tools and machinery contained therein. The defence now taken is, that the policy is partly upon real estate and partly on personal property, for which an entire premium was paid, and that, as the assured had no title to the land, the policy is void as to it, and being void in part is void in whole, so that no recovery can now be had. This position rests on one of the almost innumerable conditions, stipulations, and provisos which appear on the policy, and which asserts that if the assured is not the sole and unconditional owner of the property, or if the building stands on ground not owned in fee-simple by the assured, or if the interest of the assured is not truly stated in the policy, then the policy shall be void. Is this condition applicable to the case presented on this policy ?

A policy of insurance, like any other contract, is to be read in the light of the circumstances that surround it. This policy was issued without any application or written request describing the interest of the assured in the buildings. No actual representation of any sort upon the subject, oral or written, is alleged to have been made by or on behalf of the assured. We ought to assume that a policy written under such circumstances was written upon the knowledge of the representative of the insurer, and intended to cover in good faith the interest which the insured had in the buildings. Fraud is never to be presumed, and in this case no fraudulent representation is shown or alleged, unless it can be deduced from the statements of the insurer, made, as we must presume, on the knowledge of its representative, and for which the insured is in no manner responsible. We must also remember that this policy is to be

interpreted most strongly against the company whose contract it is.

Applying these principles to the question now raised, we conclude that the policy written on the knowledge of the insurer was made in view of the facts of the case, and was intended to cover such interest in the buildings as the insured had. This was a leasehold only, but it was an insurable interest. Presumably it is the interest which an application, if one had been made, would have shown, for it is the only interest which the tool company ever had or claimed to have. To such an interest, the proviso whose protection is invoked is not applicable. The policy covering only the interest of the lessee, the ownership of the fee becomes immaterial. The lessee cannot control its transfer, and has no right to be heard upon any subject relating to its ownership, so long as its possession under its lease is not disturbed. This view of the case renders it unnecessary to refer to the cases cited in support of the general doctrine, that a false affirmation of ownership, on which insurance is induced, will relieve the insurer from liability on the policy. The court below erred in entering judgment non obstante veredicto on the reserved point, and

Judgment is now entered on the verdict.

Mr. Justice MITCHELL dissented.