JOHNSON, by guardian *ad litem,* Respondent, vs. SCOTTISH
UNION & NATIONAL INSURANCE COMPANY, Appellant.

*April 15 — May 1, 1896.*

*Insurance against fire: Parties to contract: Policy issued to minor: Mis-
representation or concealment: Agency: Rule of business: Notice.*

1. Evidence that T. C. J., who was agent for L. M. J., a minor, applied
   for insurance on property owned by the latter; that he was not
   asked and did not state what his name was or to whom the prop-
   erty belonged, but, when the insurance agent asked in whose name
   the policy should be placed, said "You may place it in L. M. J.'s;"
   and that the insurance agent replied "Very well," and issued the
   policy accordingly — is *held* sufficient to warrant a verdict to the
   effect that there was a mutual contract of insurance between
   the company and L. M. J.

2. An insurance company which fails to attach to a policy a true copy
   of any representations made by the assured which may in any

manner affect the validity thereof, is precluded by sec. 1945a, S. & B. Ann. Stats., from relying upon such representations or the falsity thereof in any action on the policy.

3. Notwithstanding a provision that it shall be void if any fact material to the risk is concealed by the insured, a policy issued without any written application by the insured, and without any question being put to him as to matters material to the risk, will not be invalidated by the failure of the insured to disclose such material facts, if he did not intentionally or fraudulently conceal them.

4. A rule of an insurance company not to insure the property of minors, and instructions to that effect to its agents, cannot affect the rights of a minor to whom a policy is issued by general agents, where neither he nor the person who acted for him in procuring the policy had notice of such rule or instructions.

APPEAL from a judgment of the circuit court for Douglas county: R. D. MARSHALL, Circuit Judge. *Affirmed.*

This action was brought by the plaintiff, *L. M. Johnson*, an infant, by T. C. Johnson, her guardian *ad litem*, to recover upon a policy of insurance issued to her by the defendant company, for the value of certain of her personal property covered by it, alleged to have been totally destroyed by fire at Superior, Wisconsin. The defense was that the said T. C. Johnson applied to the defendant's agent for a policy, and represented that he was the owner and in possession of the property in question and that his name was *L. M. Johnson*, and relying upon such representations the defendant issued the policy; that it was executed and delivered to T. C. Johnson under the name of *L. M. Johnson*, under the supposition and belief that he owned the property and that his name was *L. M. Johnson;* and that until after the loss the defendant had no knowledge that there was any infant, or any other person than T. C. Johnson, interested in, or who had any title to, said property. The defendant insisted that the policy was void for such misrepresentations, and, in particular, that it was a rule binding upon all agents that it would not insure the property of infants, and by reason of the fact that said T. C.

Johnson, having so represented himself as *L. M. Johnson*, had fraudulently concealed and misrepresented the facts in that behalf material to the risk, and for that the person so represented to be *L. M. Johnson* had no insurable interest in the property. It was alleged that the plaintiff delivered to the defendant a false and fraudulent account of the alleged loss and damage, with the intent to defraud.

At the trial it appeared that the plaintiff, an infant nineteen years of age, was engaged in manufacturing portraits at West Superior, and had on hand material and stock, portraits, easels, etc., and T. C. Johnson was her agent in looking after the business; that she authorized him to procure the policy on the stock; and that the loss occurred by fire; and the amount of the same was shown. The business was to solicit orders for portraits, take photographs, and enlarge them. T. C. Johnson had no interest in it, but the plaintiff left the active management of it to him, and he had authority to represent her. She had no conversation with the agent about issuing the policy. T. C. Johnson testified to procuring the policy from Prindle & Clague, the agents, and that he talked with Mr. Prindle about it, and discussed and decided on the manner and terms, and, when he started to leave their office, Prindle said, "Hold on; you have not told me whose name to place this in," and he answered, "You may place it in *L. M. Johnson's*," and he replied, "Very well; I will make it out, and bring it down for you;" that he brought it accordingly; that he did not tell him who *L. M. Johnson* was, and did not say anything to him about that, or defendant to him (Johnson), and that he did not say anything to let him understand his name was not *L. M. Johnson* — did not tell him what his name was. It was admitted that proofs of loss had been furnished. The defendant moved for a nonsuit, which was denied.

On the part of the defendant it appeared that the ad-

juster of the company, after learning the plaintiff was a minor, and her name, and the manner in which the policy had been negotiated and issued, denied liability on the part of the company. And the evidence of the agent who issued the policy was produced, which was to the effect that he issued the policy to *L. M. Johnson*, a man about thirty-five years of age; that he did not represent to him that his name was not *L. M. Johnson*, and that he represented to him that he owned the property insured; that he did not know such a person as T. C. Johnson, and, if he had known *L. M. Johnson* was a female under the age of twenty-one years, he would not have issued the policy. There was no written application for the policy, and no copy of any application or representations of the assured affecting the validity of it had been attached to or indorsed on the policy pursuant to S. & B. Ann. Stats. sec. 1945*a*. Proof was given showing that it was a rule of the company not to insure minors, and that agents were instructed accordingly; but it was shown that T. C. Johnson, who procured the policy, had no notice of these facts.

At the close of the evidence the defendant again moved for a nonsuit, which was denied. The case was submitted to the jury under the instructions of the court, and the jury returned a verdict for the plaintiff for $884.13. The defendant moved for a new trial on the ground that the verdict was against the evidence, but the motion was denied, and the plaintiff had judgment, from which the defendant appealed.

For the appellant there was a brief by *Knowles, Dickinson, Buchanan, Graham & Wilson*, and oral argument by *Geo. P. Knowles*.

For the respondent there was a brief by *Loud & O'Brien*, and oral argument by *P. H. O'Brien*.

PINNEY, J. 1. The evidence is undisputed that the plaintiff owned the property insured, and that it was destroyed

by fire. It is entirely clear that the defendant's agent understood that the contract for insurance was' made with *L. M. Johnson*, to whom the policy was issued. T. C. Johnson testified, in substance, that the agent said to him as he was about leaving the office, "Hold on; you have not told me whose name to place this in," to which he answered, "You may place it in *L. M. Johnson's*," and he (the agent) said, "Very well; I will make it out and bring it down for you." The policy was made out accordingly. This evidence was not disputed. There was therefore sufficient evidence of a mutual contract between the plaintiff and the defendant. T. C. Johnson further testified that he did not know that anything occurred to lead the agent to believe either that he was or was not *L. M. Johnson;* that he gave him the name; that he did not tell him what his name was, and when he came to look at the stock he did not tell him that it belonged to any one else than himself, and he did not ask. The inquiry of the agent was made and understood, no doubt, as an inquiry of ownership, and was answered accordingly. If the agent had desired further or more specific information, he should have made further inquiry. As there was sufficient evidence to warrant a verdict for the plaintiff on all other questions, it is plain that the motion for a nonsuit at the close of the plaintiff's case, and also the motion for that purpose when the evidence was closed, were properly denied, whatever view may be taken of the evidence on the part of the defendant.

2. The defendant did not, in issuing its policy, comply with S. & B. Ann. Stats. sec. 1945a, and "attach to such policy, or indorse thereon, a true copy of any application or representations of the assured, which, by the terms of such policy are made a part thereof, or of the contract of insurance, or referred to therein, or which may in any manner affect the validity of such policy." It chose to issue the policy without any written application. The result is that, by the sec-

tion of the statute cited, it became "precluded from pleading, alleging or proving such application or representations, or any part thereof, or the falsity thereof, or any part thereof, in any action upon such policy." The evidence tending to show misrepresentations on the part of the assured at the time the policy was issued was properly stricken out. Where a policy is issued without any application by the assured, and without any questions being put to him as to matters material to the risk, and it contains a clause that it shall be void if any fact material to the risk is concealed by the insured, it will not be invalidated by the fact that the assured did not disclose such material facts, if he did not intentionally or fraudulently conceal them. Wood, Fire Ins. (1st ed.), 388; *Vankirk v. Citizens' Ins. Co.* 79 Wis. 627; *Alkan v. N. H. Ins. Co.* 53 Wis. 136; *Dunbar v. Phenix Ins. Co.* 72 Wis. 500. If the defendant's agent had desired further or more specific information in respect to matters material to the risk, it is to be presumed that if he had asked for it he would have obtained it. The defense, so far as founded on alleged false statements or misrepresentations, was wholly untenable. Whether there was any ground for claiming that there was a fraudulent concealment of facts material to the risk, we have no occasion to inquire; for it does not appear that the defendant asked to have any question in this respect submitted to the jury, and no exception was taken to the charge of the court. The only errors assigned are in respect to the denial of the motions for a nonsuit.

3. The fact that the defendant, as a rule of its business, refused to insure the property of minors, and required its agents not to take such risks, was not brought home to the knowledge of the assured. As they were general agents to issue policies of the defendant, the assured could not be affected by private instructions of the company to them in this respect. The proof is that T. C. Johnson, who acted

for the plaintiff in procuring the policy, had no notice of such course of business or instructions.

The record fails to disclose any error.

*By the Court.*— The judgment of the circuit court is affirmed.

MARSHALL, J., took no part.