THE GERMAN INSURANCE COMPANY OF FREEPORT, ILLINOIS, v. J. N. DAVIS.

No. 245.

1. PLEADING—*petition to reform writing and to enforce it as reformed states one cause of action.* A petition to reform a written contract so as to conform to the contract actually made, and to enforce said contract as reformed, states but one cause of action.

2. FIRE INSURANCE—*under circumstances, insured may recover though title in wife's name.* Where a general agent of an insurance company applies to a property owner to insure him against loss by fire, and agrees to give him a certain amount of insurance for a premium agreed upon and paid, and the agent makes no inquiry as to the title of the lot upon which the property is located, and no misrepresentation or concealment is made by the insured, the company cannot, after a loss has occurred, avoid its liability therefor because the legal title to the lot was in the wife of the assured, while he had an insurable interest in the property burned in excess of the insurance thereon.

Error from Saline District Court. Hon. R. F. Thompson, Judge. Opinion filed November 15, 1897. *Affirmed.*

*G. W. Barnett* and *David Ritchie*, for plaintiff in error.

*Z. C. Millikin*, for defendant in error.

WELLS, J. This action was originally brought in the District Court of Saline County by J. N. Davis, the defendant in error, against the German Insurance Company of Freeport, Illinois, the plaintiff in error, to reform a policy of insurance issued by said Company to Sarah E. Davis by inserting the name of J. N. Davis as insured instead of Sarah E. Davis, and also to collect one thousand dollars for a loss sustained by said J. N. Davis by the burning of the property insured. The case was first tried to a jury, but after-

INSURANCE CO. v. DAVIS.          269

Nov. 15, 1897.          Opinion.   Wells, J.          C. Div.

wards, by consent, it was taken from the jury and decided by the court. The court found for the plaintiff, reformed the policy as prayed for, and rendered judgment for the amount of the loss and an attorney's fee. A motion for a new trial was made and overruled, and the case brought here for review.

It is first contended by the plaintiff in error that, this being a suit in equity, the Appellate Court is not bound by the findings of the court below upon questions of fact. It cites two Missouri cases in support of that contention, and then quotes from *Seibert v. True* (8 Kan. 52). The true rule under our Code, as adopted by our Supreme Court, is that the evidence will be examined to see if it so far sustains the findings of the court that the appellate court cannot say that they are wrong, For a discussion of the reason for the change from the former chancery practice, see *Seibert v. True,* supra, cited by counsel. In other words, the appellate court will not weigh the evidence, but if it is apparent from the record, without weighing evidence or deciding on the credibility of witnesses, that the findings are wrong, they will be set aside.

Objection is made that the petition is defective because it united in one count an action to reform a contract and one to enforce the contract as reformed, and, also, that the court erred in trying both together. These constitute but one cause of action and that upon the contract as actually made. While under the common law there would have been two issues, each to be tried by a different tribunal, under the Code the plaintiff is only required to set forth the facts upon which he bases his claim for relief. Maxwell on Code Pleading, 98, and authorities there cited ; *Bacon v. Leslie,* 50 Kan. 494.

The plaintiff in error, under its third and fourth

subdivisions, insists that the evidence was insufficient to sustain the judgment rendered. We think otherwise. The undisputed evidence in the case shows that the plaintiff below bought the lot, erected the building, and owned the goods destroyed; that a general agent of the plaintiff came to his place of business and solicited insurance, and that the amount of insurance and the price thereof were agreed upon, and the premium paid; that no questions were asked or representations made as to whom the title to the lot upon which the building stood was in; that no written application was made, but the premium was paid and the policy, containing the name of the plaintiff's wife as the insured, afterwards written at the office of the agent and sent to the plaintiff by mail; that during the time covered by the policy all of the insured property burned, and that each item thereof exceeded in value the amount of insurance thereon. The plaintiff testified, and we think that the court below was justified in finding it true, that he directed the policy to be made to himself, and, after receiving it and finding his wife's name therein, saw the agent and told him of his mistake, and was informed by the agent that "that would make no difference"; that not being conversant with insurance matters he relied upon this assurance and retained the policy. Under the evidence, the trial court was not only justified in ordering the reformation, but was required to do so; and there is no force in the contention that the plaintiff was bound to return the policy and refuse to accept it.

The next question for consideration is, Is the policy, as reformed, void on account of the legal title to the lot being in the wife? The assured was not consulted as to what the policy should contain; he paid his money for insurance and had a right to rely upon the

agent to so write the policy as to give him what he had paid for, and the Insurance Company cannot, to defeat it, take advantage of the laches or fraud of the agent in not inquiring as to the title and embodying the facts in the policy. We think that where a general agent of an insurance company applies to a property owner to write him insurance on his property, and make no inquiry as to title, and no misrepresentation or concealment is made by the insured, and no suspicion of fraud of any kind attaches to him, the company cannot, after a loss has occurred, avoid the responsibility therefor on the ground that the legal title to the lot upon which the burned property was located was in the wife of the insured, while the insured had an insurable interest in the property in excess of the amount of the insurance thereon.

We see no reversible error in this case. The judgment of the court below will be affirmed.