## KLATT v. HIGHLAND PARK HOSE CO.

In a suit for the possession of real estate, defended on the ground that defendant entered into possession under an oral contract of purchase from plaintiff's grantor, evidence **held** to support a finding that, while plaintiff's grantor was in the peaceable and actual possession of the premises, defendant, with notice of title, without right, entered into possession of the premises, authorizing a recovery.

(Opinion filed, April 9, 1908.)

Appeal from Circuit Court, Lawrence County. Hon. WILLIAM G. RICE, Judge.

Action by Lavisa Klatt against the Highland Park Hose Company. From a judgment for plaintiff, defendant appeals. Affirmed.

*Joseph B. Moore,* for appellant. *A. J. Plowman,* for respondent.

FULLER, J. Asserting the immediate right of entry under title in fee, respondent brought this action to recover possession of certain land in the city of Lead, from which it was claimed her grantor, William Naddy, was wrongfully ejected by the appellant hose company during the month of September, 1902. An alleged oral contract of purchase from Naddy, entered into soon after appellant began excavating for the purpose of erecting its hosehouse upon the premises, was the only defense offered, and the sufficiency of the evidence to sustain findings of fact favorable to respondent on all the issues is the controlling question presented on this appeal.

While the ownership of the premises by Naddy at the time of the unauthorized entry is admitted in the answer, appellant's foreman, in charge of the members of the hose company by whom the work was done, testified that he supposed that their excavation was wholly on railway ground until notified to the contrary, and that he discontinued grading until the next day, when the following conversation took place: "I met Mr. Naddy, and he said: 'Good evening.' I said: 'Good evening, Billy.' And he said: 'John, I just came from your place down there. What are you boys doing down there? Are you really going to erect a hosehouse, or is it going to be 'a residence?' I said: 'Billy, it is going to be a hosehouse,' He says: 'You are partly on my ground, but as long as it is going to be a hosehouse I have no objection, but if it is

going to be a residence I have; but owing to the situation of the ground,' he says, 'it will take a whole lot of work to put it in shape, and I think I ought to get $20 or $25 to help pay on the patent and produce a deed for it, as I would like to help the boys out. I think a hosehouse down there would be a benefit to that part of town.' He says: 'You are only on my ground a small portion. I do not know just how much.' I says: 'I am sure the boys will be satisfied with giving you that amount.' You will accept that?' He says: 'Yes.' I says: 'Well and good.' He says 'You are the foreman, aren't you?' And I says: 'Yes, sir.' He says: 'Go ahead; get to work.' Q. After that conversation, did you go down and have work commenced on this ground again? A. I reported to the boys what conversation I had. Q. You reported to the boys? A. I did. Q. You resumed work there? A. We did. Q. And continued until you erected this house? A. Yes, sir. Q. How was that lot graded? By whom? A. By members of the company volunteering evenings after our work. Some evenings we worked until midnight. Q. Did Mr .Naddy in any way ever forbid you to continue the work, or say he had rescinded that agreement? A. No, sir. Q. After you received this notice from Mr. Naddy, state whether or not you would have continued work if you had not received this notice? A. Most assuredly not. Q. Did you have any further talk with Mr. Naddy about the hosehouse yourself, Mr. Eckland, at that time when you were starting there, going on with the grading of the site? A. No, sir." On cross-examination the witness testified that he was not authorized by the appellant company to enter into any negotiations for the property, and that neither he nor Mr. Naddy knew how much of the land in controversy would be required, and that nothing was said by either party about the kind of conveyance or the terms of payment. Another member of the hose company, under whose supervision the building was being constructed, testified to the effect that William Naddy visited the premises and told him to go on with the work, and soon afterward attended a meeting of the company for the purpose of effecting a settlement of the controversy, and was there informed that he would have to submit his proposition to the board of directors, who alone had authority to transact such business.

From the testimony of the numerous witnesses offered on the part of appellant it is quite clear that the entire matter was constantly in dispute and that no authoritive agreement was ever reached. By well-corroborated testimony admitted in support of the complaint it was shown that, as soon as William Naddy learned that the excavation for the building had been commenced partially on his land, he objected to the same and told them not to proceed with the work; that he soon afterward left the state, and did not return until after the building had been erected and completed without his knowledge or consent. The record before us justifies the conclusion that appellant was a trespasser from the beginning, and the following finding of fact is amply sustained by the evidence: "That on or about September, 1902, while the plaintiff's grantor, William Naddy, was in the quiet, peaceable, and actual possession of said land and premises, the defendant, with full notice of said William Naddy's title and ownership in and to said lands and premises, did unlawfully and wrongfully, and without right or title, enter in, to, and upon the said tract of land last above described, and did oust and eject the said William Naddy from said premises, and ever since that day has withheld possession thereof from said William Naddy and his grantee, as aforesaid, and erected a permanent building thereon."

Under the law and facts respondent was entitled to recover the premises, together with the improvements thereon; and the judgment appealed from is affirmed.

CORSON, J., dissents.