# Seitz *v.* Scottish Union & National Insurance Company, Appellant.

*Insurance—Fire insurance—Sole ownership clause—Agent—Waiver.*

Where a person takes a policy of fire insurance with the usual "sole ownership" clause in it, he is bound to know that his policy is written on the theory that he owns the land in fee simple, and if he takes the policy knowing that he only has a lease of the property, he cannot recover in case of loss, unless the company has waived the provision as to ownership.

While an agent of the company who knows that the insured is not the sole owner, may possibly bind the company by waiver by writing a policy with such knowledge, such is not the case as to an insurance broker who acts as the agent for the insured in placing the policy.

Argued April 30, 1908. Appeal, No. 10, April T., 1908, by defendant, from judgment of C. P. No. 2, Allegheny Co., July Term, 1904, No. 842, on verdict for plaintiff in case of C. A. Seitz *v.* Scottish Union & National Insurance Company. Before Rice, P. J., Porter, Henderson, Morrison, Orlady, Head and Beaver, JJ. Reversed.

Assumpsit on a policy of fire insurance. Before Frazer, P. J.

The opinion of the Superior Court states the case.

Verdict and judgment for plaintiff for $927.73. Defendant appealed.

262  SEITZ *v.* SCOTTISH UN. & NAT. INS. CO., Appellant.

Assignment of Error—Opinion of the Court.   [37 Pa. Superior Ct.

*Error assigned* among others was in giving binding instructions for plaintiff.

*W. K. Jennings*, with him *D. C. Jennings*, for appellant.— There was not sufficient evidence of Walter's agency: Whiting v. Lake, 91 Pa. 349; Freedman v. Ins. Co., 182 Pa. 64; Pottsville Ins. Co. v. Minnequa Springs Imp. Co., 100 Pa. 137; Bateman v. Ins. Co., 189 Pa. 465; Scott v. Sun Fire Office, 133 Pa. 322.

The burden of proof was upon the plaintiff to establish the agency of Walters and the extent of it: American Life Ins. & Trust Co. v. Shultz, 82 Pa. 46; Hays v. Lynn, 7 Watts, 524.

*John P. Hunter*, of *Lyon, Hunter & Burke*, for appellee, cited: Philadelphia Tool Co. v. Assur. Co., 132 Pa. 236; Pipe Lines v. Ins. Co., 145 Pa. 346.

OPINION BY MORRISON, J., October 12, 1908:

There is not sufficient evidence that W. M. Walters was more than an insurance broker, and, therefore, it will not do to assume, as the court below did, that he represented the defendant company, and that the latter was visited with notice that the insured building stood on leased ground, because there was some evidence that Walters knew this fact. So far as the facts were developed the burden clearly rested on the plaintiff to prove that Walters was an agent of the defendant company, and not merely an insurance broker, agent only of the plaintiff: Am. Life Ins. & Trust Co. v. Shultz, 82 Pa. 46. This burden was not met by the plaintiff and there is not sufficient evidence in the record to sustain a finding that Walters was an agent of the defendant company. As the case went to the jury, Walters ought to have been assumed to be only the agent of the plaintiff: Whiting & Co. v. Lake, 91 Pa. 349; Central Penna. Tel. & Supply Co. v. Thompson, 112 Pa. 118; Freedman v. Ins. Co., 182 Pa. 64; Pottsville Mutual Fire Ins. Co. v. Minnequa Springs Imp. Co., 100 Pa. 137.

In addition to his failure to prove the agency of Walters, the plaintiff objected to the defendant's offer (first, second and

third assignments), to prove by two witnesses the relation, if any, that Walters bore to the defendant company, and that he was not its agent. The court sustained this objection and excluded the evidence. We think there was error in not admitting the testimony of W. D. Strobel and Miss Ruth W. Davis, the witnesses offered by the defendant. Judging from the offers, their testimony would have been competent and material.

The learned court appears to have been controlled, as stated in the charge and opinion, by Phila. Tool Co. v. British Am. Assurance Co., 132 Pa. 236. But that case is exceptional and it rests on different ground than the one in hand. (a) In it the recovery was only for the value of the machinery or strictly personal property as distinguished from the brick building standing on leased land. This clearly appears in the record of the case. (b) That case also rests on the fact that the insurance was taken by an agent or representative of the defendant company, without a written application, and the Supreme Court assumed that the company, through its representative, knew just what it was insuring. Not so in the present case, for we have no competent evidence that the person who procured the insurance for the plaintiff had any authority to bind the company, or make any waivers, and we must look to the policy that he procured from the company to ascertain the rights of the plaintiff and defendant thereunder. The policy contained the following: "This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void if . . . . the interest of the insured be other than unconditional and sole ownership, or if the subject of the insurance be a building on ground not owned by the insured in fee simple." That the subject of insurance was a building on ground not owned by the insured in fee simple and there was no agreement indorsed on the policy or added thereto waiving the above clause in the policy, is a conceded fact.

We have carefully considered the arguments of the respective counsel and the cited authorities and many others; also the record and testimony, and we can discover no material difference between the case in hand and Beddall v. Citizens'

Ins. Co., 28 Pa. Superior Ct. 600, except that in the latter case the insured dealt with an agent of the company, while in the former that fact is not shown, and this militates against the present plaintiff.

We are not convinced that we should recede from the ground taken in the Beddall case, and its doctrine, and the cases therein cited, require us to sustain the fourth assignment of error and reverse the judgment without a venire, even if the learned court had not erred as raised in the first, second and third assignments. The Beddall case was decided on the ground that the insured was bound to know that his policy was written on the theory that he owned the land in fee simple, while in fact he knew that he only had a lease of it, and a waiver of this was necessary to be written on or added to the policy. The Beddall case rules the present one and it is unnecessary to restate our reasons which sufficiently appear therein.

The learned court erred in refusing the defendant's first point (fourth assignment): "Under all the evidence the verdict should be in favor of the defendant company."

We sustain the first, second, third and fourth assignments of error and reverse the judgment, and now grant judgment in favor of the defendant.