## MILISON v. MUTUAL CASH GUARANTY FIRE INS. CO.

The house which plaintiff had insured being on the patented mining claim of another, and therefore, under Civ. Code, § 188, deemed affixed to the land, and part of the real estate, and he, in answer to the question of the insurer's agent, if he owned the property, which question necessarily included the real estate, having stated that he did, that was a material false representation, avoiding the policy, in the absence of a showing of contract with, or estoppel of, the landowner, giving plaintiff ownership of and right to remove the house.

(Opinion filed, Nov. 17, 1909.)

Appeal from Circuit Court, Lawrence County.    Hon. W. G. RICE, Judge.

Action by Eli Milison against the Mutual Cash Guaranty Fire Insurance Company.  Judgment for plaintiff, and defendant appeals.  Reversed, and new trial granted.

*Martin* N *Mason,* for appellant.  *Kellar* & *Stanley,* for respondent.

CORSON, J.  This is an action upon an insurance policy to recover $900 loss upon household furniture and a dwelling house, $500 on the furniture, and $400 on the dwelling house. Verdict and judgment being in favor of the plaintiff, the defendant has appealed.  The complaint is in the usual form, and the defendant pleads breach of certain warranties contained in the policy as constituting a forfeiture of the plaintiff's claim to recover upon his policy.  In the fifth paragraph of the answer it is alleged, in substance, that the said policy of insurance issued by the defendant to the plaintiff contained a provision that the entire policy should be void if the insured had concealed or misrepresented in writing or otherwise any material fact or cir-

cumstance concerning the insurance or the subject thereof; or if the interest of the insured in the property be not truly stated in said policy, or in case of any fraud by the insured touching any material fact relating to said insurance, or the subject thereof, whether before or after a loss, and that, for the purpose of obtaining said policy from the defendant, the said plaintiff willfully and fraudulently stated and represented to the defendant that the building described in said policy was the absolute property of the plaintiff, whereas, in truth and fact, the said plaintiff was not the absolute and unconditional owner of said property, and that the plaintiff further represented to the defendant, for the purpose of obtaining his said policy, that the said building was used exclusively as a dwelling house, whereas, in truth and in fact, the said building was by the said plaintiff at the time of the issuance of the said policy and afterwards used as a hotel and boarding house. At the close of all the evidence, the defendant made the following motion for a verdict: "The defendant then moved that a verdict be directed in its favor: First, for the reason that no proof of loss was furnished defendant as required by the policy; second, because the undisputed evidence shows that the insured building was on ground not owned by the plaintiff in fee simple; third, because the evidence shows that there was a misstatement as to the character and use of the property insured; that, instead of being used as a dwelling, it was used as a boarding house. The motion was denied, and the defendant excepted. The defendant then moved that a verdict be directed in its favor as to the $400 insurance upon the building described in the policy for the same reasons as stated in the last preceding motion. This motion was also denied and the defendant excepted." And thereupon a judgment was entered in favor of the plaintiff for the sum of $935.25. A motion for a new trial was made and denied.

It is contended by the appellant that the undisputed evidence shows that the plaintiff was not the owner of the dwelling house for the reason that the same was situated upon a patented mining claim belonging to a third party, and that plaintiff had neither a lease nor a contract with such party by which he was au-

thorized to either retain possession of said property or remove the said building from the said mining claim. Appellant further contends that the plaintiff when interrogated by the agent of the defendant as to his ownership of the property represented to the said agent that he was the owner of the same, and that, in view of said representation, it affirmatively appearing from the undisputed evidence that the plaintiff was not the owner of the said building, the court should have granted the motion made by the defendant for the direction of a verdict in favor of the defendant for the amount of insurance upon the building; the same being shown not to be the property of the plaintiff. We are inclined to take the view that the appellant is right in this contention. It is disclosed by the evidence that the defendant's agent visited the home of the plaintiff, and while there examined the premises, and on his cross-examination he was asked the following question: "He, (the plaintiff) did not then inform you that the ground upon which the building stood was owned by some one else? A. He did not. Q. And you did not so understand or learn from any source at the time you issued the policy or before that time? A. I did not." He further stated: "As near as I can recollect, I asked Milison if he owned the property. He said he did. There was no question asked about real estate or about the lot the house was standing on. I never inquired into that at any time." As before stated, it is undisputed that this building was upon a mining claim owned by one John Sawyer, who had received a patent therefor in 1901. It is clear, therefore, that the representations made by the plaintiff that he was the owner of the property was untrue so far as the same related to the dwelling house. The dwelling house, being upon the patented mining claim, constituted a part of the real estate, and hence was the property of the owner of the mining claim. Section 188 of the Civil Code provides: "A thing is deemed to be affixed to the land * * * or permanently resting upon it as in the case of buildings." John Rova, a witness for the defendant, testified: "I know the house that Mr. Milison used to own and that was burned up. I used to own it, and I sold it to William Rule, and he sold it to Mr. Milison. When I sold

it to Rule, I did not own or claim to own the land on which the house stood. Some fellow what was called John Sawyer claimed it belonged to him. He applied for patent. I did not sell the lot, but the house." It was then shown by the defendant by Frank Peck, a surveyor, that the house in controversy was situated upon the New Hampshire No. 2 lode, which is part of the official mineral survey No. 1307. It is clear, therefore, from the evidence that the dwelling house insurance was not the property of the plaintiff, and in the absence of evidence showing a lease or contract on the part of the owner of the mining claim permitting the plaintiff to retain possession of the dwelling house, or the right to remove the same from the land, and in the absence of any acts or declarations on the part of the owner of the mining claim by which he would be equitably estopped from asserting his rights to the building, he had the legal title to, and the right to possession of, the same, and could at any time have enforced that right as against the plaintiff. Klatt v. Highland Park Hose Co., 115 N. W. 1074. We may reasonably presume therefore, that, had the agent been correctly informed as to the state of the plaintiff's title to the dwelling house, he would have refused to issue any policy of insurance thereon, as in contemplation of law the plaintiff had no insurable interest in the same, and the question of the ownership of the property was therefore a very material one as affecting the insurance in this case.

It is contended by the respondent that: "Where an insurance company accepts and retains the premium and issues its policy of insurance without requiring a written application, or without making inquiry into the condition of the title to the land on which the insured property stands, and where the insured is guilty of no fraud or concealment, it is conclusively presumed that the company waived that condition of the policy providing for a forfeiture if the building insured stands on land not owned by the insured in fee simple." And it is insisted by the respondent that this court held in the case of Peet v. Insurance Co., 1 S. D. 462, 47 N. W. 532, and the case of Harding v. Insurance Co., 10 S. D. 64, 71 S. W. 755, the law to be as above stated. This is undoubtedly true and the position taken by the court in those cases following

the decisions of the Supreme Court of Massachusetts is undobt-
edly the law in this jurisdiction, and is supported by the decisions
in numerous cases decided since the decision in the Peet and
Harding Cases.   Glens Falls Ins. Co. v. Michael, 167 Ind. 659,
74 N. E. 964, 79 N. E. 905, 8 L. R. A. (N. S.) 708; German
Ins. Co. v. Kline, 44 Neb. 395, 62 N. W. 957; Johnson v. Scottish
Union Ins. Co., 93 Wis. 223, 67 N. W. 416; Dooly v. Hanover
Ins. Co., 16 Wash. 155, 47 Pac. 507, 58 Am. St. Rep. 26; Farmers'
Ins. Co. v. Mickel, 72 Neb. 122, 100 N. W. 130; German Ins.
Co. v. Davis, 6 Kan. App. 268, 51 Pac. 60; Philadelphia Tool Co.
v. British America Assur. Co., 132 Pa. 236, 19 Atl. 77, 19 Am. St.
Rep. 596.   In the case at bar, however, it is disclosed by the
record that inquiries were made by the agent and having been
made it was the duty of the plaintiff to make true answer to the
same.   But in stating that he was the owner of the property it
was necessarily a representation that he not only owned the
dwelling house, but that he owned the land upon which the same
was situated.   It is true that the agent states that he did not in-
quire of the plaintiff about the real estate or the lot upon which
the house was standing, but this, in view of the plaintiff's answer
to his question, was clearly unnecessary, as the question neccs-
sarily included the title to the land on which the building was
situated.   We are of the opinion, therefore, that the court's ruling
that the defendant was not entitled to a direction or a verdict
as to the $400 insurance upon the building was erroneous under
the facts as they appear in the present record.   There being no
question as to the plaintiff's ownership of the personal property
included in the dwelling house, and the agent being fully informed,
both by the plaintiff and from his own examination of the
premises, as to the plaintiff's occupancy of the said dwelling
house, the verdict as to the personal property in the dwelling
house would seem to be correct.   But, as upon another trial a
different state of facts may be shown as to the dwelling house
and such ownership of the same shown as to entitle the plaintiff
to recover the insurance claimed to be due thereon, we have
deemed it proper to grant a new trial.   In the view we have

taken of the case, we have not deemed it necessary to review the many authorities cited by the counsel for the plaintiff, as the law in this jurisdiction is settled by the cases in this court referred to, and, as we have seen, are supported by the later decisions of the highest courts of other states.

The judgment and order of the circuit court are therefore reversed.