## Schiavoni *v.* Dubuque Fire & Marine Insurance Company, Appellant.

*Insurance—Fire insurance—Unconditional and sole ownership—Covenants.*

1. When a policy of fire insurance covering a store building and a stock of goods, contains a covenant that the entire policy shall be void, "if the interest of the insured be other than unconditional and sole ownership, or if the subject of insurance be a building upon ground not owned by the insured in fee simple," and the evidence discloses that the insured's interest in the building was merely that of a lessee, and not that of unconditional and sole ownership, the contract is an entire one, and is invalid not only as to the store building, but also as to the stock of goods referred to in the policy.

2. In such a case the fact that the policy was issued without any application or written request, describing the interest of the insured in the building, does not constitute a waiver on the part of the insurance company of the "unconditional and sole ownership" clause, if there is no evidence that the company or its agent knew the character of the insured's interest in the building.

3. Philadelphia Tool Co. v. Assurance Co., 132 Pa. 236, explained and distinguished.

Argued April 17, 1911. Appeal, No. 154, April T., 1911, by defendant, from judgment of C. P. Fayette Co., March T., 1910, No. 189, on verdict for plaintiff in case of Dominick Schiavoni v. The Dubuque Fire & Marine Insurance Company. Before RICE, P. J., HENDERSON, HEAD, BEAVER and PORTER, JJ. Reversed.

Assumpsit on a policy of fire insurance. Before UMBEL; P. J.

The facts of the case are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $1,262.12. Defendant appealed.

*Errors assigned* were in refusing binding instructions for defendant and in refusing defendant's motion for judgment non obstante veredicto.

*W. K. Jennings*, with him *D. C. Jennings* and *A. E. Jones*, for appellant.—The contract was entire: Gottsman v. Ins. Co., 56 Pa. 210; Friesmuth v. Ins. Co., 64 Mass. 587; Brown v. Ins. Co., 65 Mass. 280; Kimball v. Howard Fire Ins. Co., 74 Mass. 33; Lee v. Ins. Co., 69 Mass. 583; Richardson v. Marine Ins. Co., 46 Me. 394; Fire Assn. of Phila. v. Williamson, 26 Pa. 196.

*W. J. Sturgis*, with him *E. H. Reppert* and *J. W. Dawson*, for appellee, cited: Philadelphia Tool Co. v. Assurance Co., 132 Pa. 236; Caldwell v. Fire Assn., 177 Pa. 492; People's Ins. Co. v. Spencer, 53 Pa. 353; Damms v. Humboldt Fire Ins. Co., 226 Pa. 358; Western & A. Pipe Lines v. Ins. Co., 145 Pa. 346; Bole v. Ins. Co., 159 Pa. 53.

OPINION BY PORTER, J., October 9, 1911:

This action is brought by the plaintiff upon a policy of insurance, "against all direct loss or damage by fire . . . . to an amount not exceeding fifteen hundred dollars to the following described property, while located and contained as described herein, and not elsewhere, to wit." Then follows a statement describing the property, both real and personal, in the following form: "$350—on one two-story composition roof frame store building and its addition . . . .; $800—on general stock of merchandise, consisting of dry goods, etc., all only while contained in the above described store building; $200—on store and office furniture, etc., . . . . all only while contained in above described store and building; $150—on household and kitchen furniture." The consideration named in the policy was the payment of a premium of $33.75. The policy was dated January 30, 1909, and the building and personal property covered by it were destroyed by fire on March 28, 1909. The policy contained the following covenants which are material to the consideration of this appeal: "This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void . . . . if the interest of the insured be other than

unconditional and sole ownership; or if the subject of insurance be a building on ground not owned by the insured in fee simple." The evidence upon the trial disclosed and the plaintiff admitted that the interest of the insured in the building, when the policy issued and at the time of the fire, was other than unconditional and sole ownership, and that the store building which was a subject of the insurance was on ground not owned by the insured in fee simple. The ground on which the store building stood was owned by J. N. Hibbs; the plaintiff was in possession under a lease and paid a yearly rent; and the wife of the plaintiff, after the fire, bought the land from Hibbs. The defendant company requested the court to charge that, under the covenants of the policy and the admitted facts, the entire policy was invalidated and the plaintiff was not entitled to recover. The court refused to so charge, but did charge the jury that the plaintiff was not entitled to recover for the loss upon the building. The court charged the jury that the plaintiff was entitled to recover the value of the personal property destroyed by the fire and submitted to the jury the question of the value of that property, and there was a verdict for the plaintiff. The defendant subsequently moved the court for judgment in its favor non obstante veredicto, which motion the court overruled, and the defendant appeals.

The primary question presented by this appeal is whether the contract of insurance entered into between these parties was entire, a unit, or separable. We must not in determining this question forget the covenants of the contract. The parties were legally competent to make it; and there is not a word to show that they were not fully competent otherwise. They have chosen to agree that, "this entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void if the interest of the insured be other than unconditional and sole ownership; or if the subject of insurance be a building on ground not owned by the insured in fee simple." These were terms the insurers thought material to

their security, and upon which it must be supposed they insisted, and without which they would probably not have taken the risk. The company takes insurance at less than the value of the property, that the owner may have an interest in protecting and preserving it; may be, in effect, part insurer. But when the owner's interest is less than that covenanted for by the policy, the company loses the benefit of this joint insurance upon which they have a right under the policy to rely. The insurer might be perfectly willing to insure a store building and a stock of goods therein, so long as both building and goods were absolutely owned by the insured, but might be unwilling to insure the stock of goods while in a building in which the insured had no interest. These may have been the considerations which led the insurer to insist upon these covenants in the contract, but whatever may have been the reason for the introduction of such covenants, we have no right to ignore the fact that they exist. The consideration for the policy, the premium paid, is entire and indivisible; the amount of the risk is stated in gross, although the amount of the liability upon each of the subjects of the contract is limited. That such a contract is entire and not separable has been settled by authority which we are not at liberty to disregard: Fire Association v. Williamson, 26 Pa. 196; Pennsylvania Insurance Co. v. Gottsman's Administrators, 48 Pa. 151; Gottsman v. Pennsylvania Insurance Co., 56 Pa. 210. If the policy of insurance in this case was invalid as to the building at the time it was issued, it was also void as to the personal property, which was burned with the building and the plaintiff was not entitled to recover.

The policy was the contract of the parties, and, in the absence of proof of waiver of its covenants or grounds of estoppel, the law of the relation of insurer and insured. When a policy of insurance contains a covenant that the entire policy shall be void "if the interest of the insured be other than unconditional and sole ownership; or if the subject of insurance be a building upon ground not owned

by the insured in fee simple;" and the evidence discloses that the interest of the insured is not that of unconditional and sole ownership and that the building stands upon ground not owned by the insured in fee simple, the insurer is by the very terms of the contract relieved from all liability. Unexplained this constitutes a solid defense on the merits, and the burden of explanation is upon the plaintiff: Welsh v. London Assurance Corporation, 151 Pa. 607. This has been so frequently decided that it would seem to be unnecessary to cite authorities in support of the principle. The appellee contends, however, that because this policy was issued without any application or written request, describing the interest of the insured in this building, made prior to the issuance of the policy, that the insurance company must, in the absence of any evidence, be presumed to have written the policy with full knowledge of the nature of the plaintiff's interest in the building, and intended in good faith to cover whatever interest he might have, and cites Philadelphia Tool Co. v. Assurance Co., 132 Pa. 236, as an authority sustaining this proposition. The effect of this contention would seem to be to assert that when a party wishes to avail himself of a right given by the express covenants of a written contract, he must first establish that that covenant was included in the contract because of some fraudulent misrepresentation by the other party; otherwise he must be held to have waived the benefit of the covenant. This is certainly a wide departure from the principles ordinarily applied to the construction of contracts. The case of Philadelphia Tool Co. v. Assurance Co., 132 Pa. 236, is most unsatisfactorily reported; there seems, from the report, to have been some evidence that the agent of the company who wrote the policy was aware of the nature of the interest of the assured in the building, but the character of that evidence is not made clear. The opinion of the court, which was written by Mr. Justice WILLIAMS, says: "A policy of insurance, like any other contract, is to be read in the light of the cir-

cumstances that surround it." What those circum-
stances were is not in the opinion stated, but it was held
that under them the policy was written upon the knowl-
edge of the representative of the insurer, and intended to
cover in good faith the interest which the insured had in
the building. The same justice wrote the opinion in the
later case of Bole v. Fire Insurance Co., 159 Pa. 53, and
he there explained the decision in Philadelphia Tool Co.
v. Assurance Co., 132 Pa. 236, in the following manner,
which leaves no doubt as to what the court intended to
decide in that case. "In Philadelphia Tool Co. v. Assur-
ance Co., 132 Pa. 236, the policy contained a provision
that it should be void unless 'the assured was the sole and
unconditional owner of the property insured.' He was in
fact a lessee. But it appeared that the policy was issued
without a written application and on the knowledge of the
agent. We construed this provision in the light of the
circumstances surrounding the issuing of the policy and
permitting the insured to recover for the leasehold insur-
ance which was actually held by him." When that case
is thus explained it is in entire harmony with the other
decisions dealing with contracts of this character. Where,
at the time of issuing an insurance policy, the authorized
representative of the company knows that one of the con-
ditions of the policy is inconsistent with the facts, and
where the insured has been guilty of no fraud, the com-
pany is estopped from setting up the breach of that con-
dition: Caldwell v. Fire Association, 177 Pa. 492; Damms
v. Humboldt Fire Insurance Co., 226 Pa. 358. Covenants
contained in policies of insurance similar to that with
which we are now dealing have frequently been sustained
and enforced and insurers relieved from liability, in the
absence of any evidence of fraud or misrepresentation on
the part of the assured, since Philadelphia Tool Co. v.
Assurance Co., was decided, and in most of the later cases
that decision was cited: Diffenbaugh v. Union Fire In-
surance Co., 150 Pa. 270; Schroedel v. Insurance Co., 158
Pa. 459; Bateman v. Lumbermen's Insurance Co., 189

Pa. 465; Moore v. Fire Insurance Co., 196 Pa. 30. The later decisions of the Supreme Court indicate no disposition to depart from the principles recognized in the earlier cases, of which Swan v. Watertown Fire Insurance Co., 96 Pa. 37, is an example, and even if the decision in Philadelphia Tool Co. v. Assurance Co., 132 Pa. 236, can fairly be interpreted as sustaining the contention of the appellee, those subsequent decisions must be held to have reaffirmed the well recognized principle, that the contract of the parties, in the absence of proof of waiver or grounds of estoppel, is the law of the relation of insurer and insured. The plaintiff in this case presented no evidence tending to establish that the defendant company or any of its representatives had any knowledge of the nature of his interest in the building insured. There was an entire absence of anything which could be construed as a waiver by the insurer of its rights under the contract and there was not even an assertion of anything which could estop the company to assert those rights. Under the covenants of the policy and the undisputed facts the policy was invalid as to the insurance upon the building from the day it was issued, and, the contract being entire, there could be no recovery for the loss of the personal property: Duda v. Home Insurance Co., 20 Pa. Superior Ct. 244; Elliott v. Teutonia Insurance Co., 20 Pa. Superior Ct. 359; Seitz v. Scottish Union & National Insurance Co., 37 Pa. Superior Ct. 261.

The judgment is reversed and the record is remitted to the court below with direction to enter judgment in favor of the defendant non obstante veredicto.