# Cowart v. Capital City Insurance Co.

*Action on Fire Insurance Policy.*

1. *Insurance; condition as to change of title; applies to transactions subsequent to issuance of policy.*—A condition in a fire insurance policy that it shall be void " if the property shall be sold or transferred, or any change take place in the title or possession," applies only to sales or transfers or changes made subsequent to the issuance of the policy ; and a mortgage on the property, executed before the policy was issued, is not within the terms and meaning of the condition, and the fact of the execution of such mortgage will not avoid the policy.

2. *Same; same; notice of agent.*—The validity of a policy of insurance is not affected by the existence of a mortgage on the insured property, contrary to one of its conditions, if at the time of obtaining the insurance the insured informed the agent of the insurance company, who wrote and delivered the policy, of the existence of said mortgage.

3. *Same; sole ownership of the property; immaterial; has no relation to incumbrance on land.*—In an action on a policy of fire insurance covering plaintiff's house and furniture therein, a plea presents an immaterial issue which sets up that the plaintiff did not own " the entire interest in the property at the time of the loss."

4. *Same; condition against other insurance; when no breach shown.* The condition in a policy of fire insurance, that " if there shall be any prior or subsequent insurance upon the property hereby insured, or any part thereof, * * * without the assent of the company indorsed hereon, then, this policy shall be void," is not broken and the policy is not annulled by the existence of prior insurance, when it is shown that such prior insurance was in favor of one from whom the insured had borrowed money and to whom he had given a mortgage on the land upon which the insured property was situate, and that it

was taken out by one who was the agent of the insured in negotiating the loan and who paid for such insurance out of the gross sum he received for expenses in the negotiation of the loan, and that the holder of the subsequent policy had no connection whatever with the taking out of the first insurance and no knowledge or notice of its existence until after the loss of insured property by fire.

5. *Same; same; same.*—In such case, the condition of the policy is not broken, nor is the insurance thereunder annulled by the fact that, after the loss, the insured, by the advice of the agent of the company issuing it, made proof of loss and claimed payment under the first policy; the loss having then occurred, the rights of the parties having become fixed, and the reason of the stipulation against other insurance having ceased.

APPEAL from the Circuit Court of Pike.

Tried before the Hon. JOHN R. TYSON.

This action was brought by the appellant, A. J. Cowart, against the appellee, the Capital City Insurance Company ; and counted upon a policy of fire insurance. The facts of the case are sufficiently stated in the opinion.

There were verdict and judgment for the defendant. The plaintiff appeals, and assigns as error the giving· of the general affirmative charge requested by the defendant, and the rendition of judgment in the defendant's behalf.

JOHN D. GARDNER, for appellant.

CHAS. P. JONES, *contra*.

HEAD, J.—Action on a policy of fire insurance covering plaintiff's dwelling house and furniture therein. Three defenses were interposed by special pleas, on which issue was joined. 1. That plaintiff effected prior insurance on the property, or a part of it, contrary to a condition of the policy, rendering it void for that cause. 2. That the plaintiff executed a mortgage on a part of the property, contrary to a like prohibition. 3. That plaintiff did not own the entire interest in the property at the time of said alleged loss. The first only of these defenses has, under the evidence, any show of merit. As to the second defense, before the policy was written, the plaintiff had executed a mortgage upon the dwelling house insured. The condition in the policy relied on, is in the following words : ''Or if the property shall be

sold or transferred, or any change take place in the title or possession, whether by legal process or judicial decree, or voluntary transfer or conveyance, * * * then this policy shall be void." Conceding that the execution of a mortgage would violate this condition, it is manifest that it must have been executed subsequently to the writing of the policy, in order to come within the terms and meaning of the condition; and the plea, as it was written, will be construed to aver such subsequent execution. The language of the condition admits of no other construction. Besides, the evidence shows, without conflict, that plaintiff informed the agent of defendant who wrote and delivered the policy at the time, of the existence of the mortgage; evidence of which was admitted without objection, whereby a special replication, if one was necessary, was waived. We are not sure that we catch the point of the third defense, and we have no brief to advise us. If it is intended to raise the question whether or not the plaintiff was the party really interested in the cause of action, and entitled to sue under section 2594 of the Code, it is not sworn to. But waiving that, the undisputed evidence shows that he was. He was the sole general owner of the property, and the policy was payable to him absolutely. If intended to raise the material issue (immaterial so far as the plea shows) whether or not the plaintiff owned the "entire interest in the property *at the time of the loss*," it is likewise overcome by the undisputed proof. Taking this plea most strongly against the pleader, it has no relation to incumbrances on the land; the sole, general ownership being in the plaintiff.

As to the first defense: The policy contains the condition, that "If there shall be any prior or subsequent insurance upon the property hereby insured, or on any part thereof, * * * , without the assent of the company endorsed hereon, then this policy shall be void." The undisputed evidence shows the following facts: The policy in suit was written April 1, 1891. On June 29, 1889, the plaintiff borrowed from Louise F. Kennedy three thousand dollars, and executed to her a mortgage on 615 acres of land, on which the insured dwelling house was situated, to secure the same, payable June 29, 1894. This loan was negotiated by John Gamble, as agent of the plaintiff, through Barker & Holle-

man. Gamble testified as follows : ''The plaintiff gave him a gross sum of money as his compensation for negotiating said loan, out of which witness was to pay all expenses of the loan, which expense included the premium on the policy paid by him to the Mechanics' and Traders' Insurance Company, and that said gross sum was deducted from the loan and the balance was paid by him to plaintiff. That sometime after the loan was made, Barker & Holleman wrote witness stating that they wanted the dwelling on the lands covered by the mortgage insured. That he forthwith insured said dwelling in the Mechanics' and Traders' Insurance Company without saying anything to the plaintiff about it ; that he did not know when plaintiff obtained information that his dwelling was insured in said company ; and that he never gave plaintiff any list of the items composing the $200, nor did he tell plaintiff that any portion of the said $200 was to be applied to the payment of any premium on any policy of insurance upon said property.'' The plaintiff testified that he did not know that Mr. Gamble had taken out any other insurance on said dwelling until after the fire, and that he discovered after said fire that he had done so. He sought the advice of the agent of defendant, Pennington, who had written the policy in suit, and Pennington advised him to present proof of loss to both companies and prorate the same, and that he accordingly did it. The policy taken out by Gamble was dated June 29, 1889 ; was for $500, for five years, and was taken out in the name of the plaintiff, with the stipulation, ''Loss, if any, payable to Louise F. Kennedy.'' Plaintiff made proofs of loss to both companies and claimed payment of the amount of the loss, under both. We have stated all the material evidence. The court, at the written request of the defendant, instructed the jury to find for defendant, if they believed the evidence. Was this instruction authorized by law? The case of *Phoenix Ins. Co. v. Boulden*, 96 Ala. 609, settles this question. The proof shows that the plaintiff had no agency whatever in taking out the first insurance, and no knowledge of its existence when the policy in suit was obtained, and never learned it until after the loss. Gamble was only his agent to negotiate the loan and pay the expenses thereof. This did not include an authority to effect insurance on

the house for plaintiff. He, plaintiff, did not know Gamble had retained his money for that purpose. The policy was taken out for the benefit of the mortgagee without any notice whatever to the plaintiff. It would be monstrous to hold in such case, that his insurance subsequently procured was thereby annulled. Nor does the fact that, after the loss, plaintiff, by the advice of defendant's agent, made proof of loss and claimed payment under the first policy. The loss had then occurred. The rights of the parties had become fixed. The reason of the stipulation against other insurance had ceased.— *Phoenix Insurance Co. v. Boulden, supra.* His action, in that regard, exerted, and could exert, no influence on the conduct of the defendant, in respect of the creation or continuance of the risk, for the policy had matured by the loss ; it had ceased to be, except for the purpose of collection. The moral hazard had ceased to exist. These elements could not be restored by ratification. The plaintiff, discovering the existence of the first policy, taken out in his name, was put in the position of determining the legal rights of the defendant and himself, in respect of its collection. The defendant might insist that it was his duty to claim payment under it, for its, the defendant's, *pro tanto* exoneration. He sought the advice of the defendant's agent, and pursued the course the agent suggested. It cannot be held that these facts had relation to the time of the issuance of the policy, charging plaintiff, by the fiction of such relation, with that actual knowledge requisite to vitiate his own insurance subsequently taken out. The general affirmative charge could properly have been given for the plaintiff.

Reversed and remanded.

BRICKELL, C. J., dissenting.