# Security Ins. Co. *v.* Laird.

## *Assumpsit.*

(Decided April 17, 1913.   62 South. 182.)

1. *Insurance; Forfeiture; Mortgaging Property.*—The mortgaging
of insured chattels to secure a debt is an increase of the risk within
the clause of a policy of fire insurance that the policy shall be void
if the personal property insured therein be or become encumbered
by a chattel mortgage.

2. *Same.*—Where a policy of insurance is issued on personal prop-
erty, and the policy contained a clause against encumbrance, and the
insured subsequently executed and delivered to a creditor a valid
mortgage on such chattel without the consent of the insurer, the

[Security Ins. Co. v. Laird.]

holder of the policy could not recover for the loss sutained unless the insurer after the execution and delivery of the mortgage, with knowledge of its existence in some way waived the forfeiture.

3. *Same; Waiver.*—Where one specific ground of forfeiture is urged against a policy of insurance, and the validity of the policy is denied on that ground alone, all other grounds are waived; there can be no waiver of a ground of forfeiture, however, until the company knows of its existence, or until it was in possession of the facts which if pursued, will result in knowledge of the forfeiture.

4. *Same; Representation; Encumbrances.*—Where payment of a loss under a fire policy on personal property was denied because of an alleged breach of conditions against encumbrance, but the insured at all times denied that he had made a mortgage on the chattels covered by the policy, the insurer was entitled to rely on such denial, and the insured was estopped to claim that even if the mortgage had been made, the forfeiture had been waived.

5. *Same; Loss; Unearned Premium.*—Where the insurer denied liability because of a breach of the conditions against encumbrance at the time of the loss, the contention on the part of the insured that the insurer could not retain the unearned premium and at the same time claim a forfeiture, cannot be sustained.

APPEAL from Bessemer City Court.

Heard before Hon. J. C. B. GWIN.

Action by A. H. Laird against the Security Insurance Company, on a fire insurance policy. Judgment for plaintiff and defendant appeals. Reversed and remanded.

CABANISS & BOWIE, for appellant. The court should have sustained defendant's demurrer to plaintiff's replication setting up the retention of the premium with notice of the mortgage prior to the loss by fire.—*Ala. S. M. A. Co. v. Long,* 123 Ala. 667; *Traders I. Co. v. Letcher,* 143 Ala. 400; *Cassimus v. S. U. & N. I. Co.,* 135 Ala. 256. The only material inquiry was whether plaintiff signed the mortgage introduced in evidence, and not whether he signed one before certain parties. It is also immaterial whether the company had ever paid back any of the premiums. The execution of the encumbrance increased the risk.—79 Ia. 379. It also vitiated the policy, as much so as if the whole property insured

had become encumbered.—*Wes. Assur. Co. v. Stoddard*, 88 Ala. 606; 13 Cyc. 782. The insurer was not chargeable with constructive notice of the existence of the en cumbrance, although it had been duly recorded.—19 Cyc. 807, note 64.

PINKNEY SCOTT, for appellee. The replications were sufficient.—*Ga. H. I. Co. v. Allen*, 128 Ala. 451. The questions presented were questions for the jury, and the judgment should be sustained on the authority of *Robinson's Case*, 135 Ala. 659; *Long Clothing Co. Case*, 123 Ala. 667.

DE GRAFFENRIED, J.—A. H. Laird insured his household goods against loss by fire, in the Security Insurance Company. The policy was for a term of three years, commencing on August 13, 1910, at noon, and ending on the 13th day of August, 1913, at noon. The policy was to cover all loss by fire not exceeding $600. The policy, among other provisions, contains a clause declaring that the policy, unless otherwise provided by agreement indorsed thereon or added thereto, shall be void, "if the subject of insurance be personal property and be or become incumbered by a *chattel* mortgage."

The mortgage of insured personalty to secure a debt is an increase of the risk, and the quoted clause was, of course, valid.—*Lee v. Agricultural Insurance Co.*, 79 Iowa, 379, 44 N. W. 683.

If, subsequent to the issuance of the policy, Laird executed and delivered to a creditor a valid chattel mortgage on the property insured without the consent of the insurance company, then he was not entitled to recover in this suit *unless*, after the execution and delivery of the chattel mortgage, the insurance company, with knowledge of the existence of the mortgage, in some way, waived the forfeiture.

1. After the delivery by the insurance company of the above policy, the property covered by the policy was destroyed by fire. Shortly thereafter an agent of the company went down to Bessemer, where the fire occurred, to investigate and adjust the loss. While there the adjuster received information that Laird, after the issuance of the policy, had executed and delivered to the Citizen's Bank of that place a chattel mortgage on the insured property to secure an indebtednes to said bank. Laird, however, *denied* that he had executed said mortgage to the bank and, on the trial of this case, claimed that the mortgage which *he had* executed to the bank had been *changed* without his knowledge or consent after he had executed it and that he never executed to the bank a mortgage on the insured property.

The fire occurred on or about May 19, 1911, and on the 6th day of July, 1911—long after the adjuster had left Bessemer—we find that Laird, in a *second* proof of loss made by him to the company, which was sworn to by Laird, stated that no incumbrance at all existed on the insured property. Laird, it appears, on June 12, 1911, procured from the Citizens' Bank a statement that the bank, at that time, held no claim against the insured property or upon the insurance money; but the president of the bank, who signed this statement, testified in effect, when this case was tried, that when the fire occurred the bank held a valid chattel mortgage on the insured property and that the statement was given to Laird to aid him in collecting the money from the insurance company. The second proof of loss, however, referred to the status of the property at the time of the fire, as is plainly and unequivocally shown by the instrument, and when, in that second proof of loss, Laird stated that no incumbrance "at all existed" on the insured property, he was referring to the status of the

property *when the fire occurred,* and not to the fact that a chattel mortgage existing on the property when the fire occurred had, *subsequent to the fire,* been released. In other words, Laird's contention and representation to the insurance company has *always* been that he had *not, after* the execution and delivery of the policy, made *any mortgage* on the insured property.

This case, as tried, presented two issues to the jury, viz.: First, did Laird, after the policy was delivered, execute and deliver to the Citizens' Bank a mortgage on the insured property, to secure an indebtedness? Second, if such a mortgage was in fact executed and delivered by Laird, then did the insurance company waive the forfeiture created by the execution and delivery of the mortgage? The *first* issue grew out of the fact that Laird has always *denied* that he executed and delivered the mortgage on the insured property. The *second* issue Laird was not, as we shall show, in a *position to make.*

2. The proposition that, when "one specific ground of forfeiture is urged against a policy of insurance and the validity thereof denied on that ground alone, all other grounds are waived," is familiar.—*Georgia Home Insurance Co. v. Allen,* 128 Ala. 451, 30 South. 537. There can be, however, no such thing as the waiver by an insurance company of a ground of forfeiture until the company knows that such ground exists or until it is in possession of facts which, if pursued, will result in knowledge of the forfeiture.

When Laird told the insurance company or its adjuster that he *had not* made a mortgage on the chattels, the company had a right to rely on his statement, and, whether the company did so or not, his statement and conduct through this entire matter estops him from claiming such waiver. Whether the agents of the insurance company believed Laird or not, Laird is not in a

position, in this transaction, to say that the company did not believe him, and that therefore the company, by anything that this record shows that it has done, has waived the forfeiture to which we have referred, if the mortgage was in fact made. The insurance company had a right to rely on Laird's statement, and any statement made to Laird by any agent of the company is to be accepted as having been made by such agent in the belief that Laird's statements were true, until the time when the company notified Laird, in effect, that it had arrived at the conclusion that his statement was false, and that it claimed a forfeiture because of the execution by him of said mortgage. This appears to have been done by the company by a letter dated August 9, 1911.

3. Laird also contends that at the time of the loss under the policy "a part of the premium on the policy was unearned, and that the company could not retain the unearned portion of the premium and at the same time claim a forfeiture of the policy." This contention of Laird is entirely without merit.—*Robinson v. Aetna Ins. Co.*, 135 Ala. 650, 34 South. 18.

4. Under the evidence as it is set out in the bill of exceptions, the only question in this case is whether Laird, after the policy was delivered to him, executed and delivered to the Citizens' Bank a mortgage on the property covered by the insurance policy. If so, then Laird is not entitled to recover. If he did not execute and deliver that mortgage, then he is entitled to recover.

We think that, in the above opinion, we have indicated that, on the trial in the court below, in several material ways, the trial court committed reversible error. The judgment of the court below is therefore reversed, and the cause is remanded for further proceeding in the court below in accordance with this opinion.

Reversed and remanded. All the Justices concur, except DOWDELL, C. J., not sitting.