Collum, Respondent, vs. National Fire Insurance Company, Appellant.

*September 19—October 16, 1923.*

*Insurance: Ownership of property insured: Untrue warranty: Effect on recovery.*

An untrue warranty in a fire insurance policy that an automobile insured under the policy was fully paid for and was not mortgaged or otherwise incumbered, does not preclude a recovery where the warranty was made by the agent issuing the policy on his own responsibility, the owner not having made any representation and not knowing that the warranty was in the policy.

APPEAL from a judgment of the circuit court for Jackson county: E. W. CROSBY, Circuit Judge. *Affirmed.*

Action to recover on a fire insurance policy. April 29, 1920, plaintiff purchased an automobile truck from the Jackson County Auto Company and executed, in partial payment therefor, a note, by the terms of which he promised to pay said Jackson County Auto Company $1,593, with interest at the rate of seven per cent., one year after date. The note contained this provision:

"This note is given for Oshkosh Truck No. 36604. The title of said car or truck shall remain in said Jackson County Auto Company until this note has been paid in full, and until such time the signer of this note shall hold said car or truck as lessee of the said Jackson County Auto Company."

Shortly thereafter plaintiff procured the issuance of an insurance policy insuring said truck against loss by fire, through one R. A. Jones, a local insurance agent at Black River Falls, which said policy expired July 24, 1921. Shortly before the expiration of this policy negotiations were had between plaintiff and Jones for reinsurance in another company, the plaintiff expressing his dissatisfaction with the company in which the truck was then insured. Jones thereupon issued the policy of the defendant company in the sum of $2,700. This policy contained a warranty that the truck was fully paid for by the insured and was not mortgaged or otherwise incumbered. This appears in the policy in the following manner: the printed form recites, "The automobile described is fully paid for by the insured and is not mortgaged or otherwise incumbered, except as follows." In a blank space following this recital was written in, by a typewriter, the words "No exceptions."

The insured made no written application for the insurance and at no time represented to the agent that there was no incumbrance upon the truck. The truck was burned during the life of the policy. The company refused to pay

the amount of the insurance because of a breach of the above warranty resulting from the facts above stated. Judgment was rendered in favor of the plaintiff, from which judgment the defendant appealed.

*F. J. Reichenbach* of Black River Falls, for the appellant.

For the respondent there was a brief by *E. S. Jedney* and *H. M. Perry,* both of Black River Falls, and oral argument by *Mr. Jedney.*

OWEN, J. Plaintiff made no written application for the insurance, nor did he at any time or in any manner represent to the agent that he was the absolute and unconditional owner of the truck or that it was unincumbered. The words "No exceptions," following the recital "The automobile described is fully paid for by the insured and is not mortgaged or otherwise incumbered, except as follows," were written in by the agent upon his own responsibility. The insured never read the policy and did not know that the same included the above warranty. It is claimed by the defendant that the insured was required to know the terms of his policy and that his retention thereof with such warranty therein binds him thereto.

There is a spirited conflict among the authorities as to whether an insured may recover under such circumstances. The question is exhaustively considered by the Minnesota supreme court in *Parsons, Rich & Co. v. Lane,* 97 Minn. 98, 106 N. W. 485, 4 L. R. A. n. s. 231, where it is held that the plaintiff may not recover. It is also quite as thoroughly considered by the Indiana supreme court in *Glens Falls Ins. Co. v. Michael,* 167 Ind. 659, 74 N. E. 964, 8 L. R. A. n. s. 708, where it is held that the plaintiff may recover. A perusal of these two cases will supply the investigator with the reasons and authorities upon which the conflicting conclusions rest. The question would be an interesting albeit perhaps a troublesome one were we permitted or required to consider it as an original proposition in this court.

In *Vankirk v. Citizens' Ins. Co.* 79 Wis. 627, 48 N. W. 798, the defendant insured a tobacco barn. The policy provided that if the interest of the assured be other than the entire, unconditional, and sole ownership of the property it must be so expressed in the policy. There was a mortgage on the barn of $1,035. The court found that the assured did not inform the company, or its agent who effected the insurance, of the existence of such mortgage; that he did not know that the existence of such mortgage was a material matter; that he was not asked by the company or its agent as to whether the property was incumbered, and did not fraudulently or intentionally conceal the existence of such mortgage from the company or its said agent; that he made no written application for the policy, and no copy of any application or representation of the assured was attached to the policy or indorsed thereon. The court said:

"Collier [the insured] not having been questioned concerning incumbrances on the property, and it having been found by the court on sufficient evidence that he did not intentionally or fraudulently suppress the fact, it must be held on the authority of *Alkan v. New Hampshire Ins. Co.* 53 Wis. 136, 10 N. W. 91, that his failure to disclose the existence of the mortgage does not invalidate the policy. The rule there adopted, and which is applicable here, is thus stated in Wood on Insurance, 388: 'When no inquiries are made, the intention of the assured becomes material, and to avoid the policy it must be found, not only that the matter was material, but also that it was intentionally and fraudulently concealed.' "

This rule, if not applied, is quoted approvingly in *Johnson v. Scottish Union & National Ins. Co.* 93 Wis. 223, 228, 67 N. W. 416; *Kludt v. German Mut. F. Ins. Co.* 152 Wis. 637, 140 N. W. 321; *Case v. Meany,* 165 Wis. 143, 161 N. W. 363. It seems to be firmly intrenched in the jurisprudence of this state and aligns this court with those holding that an insured may recover on an insurance policy under circumstances here presented. We perceive neither

Collum v. National Fire Ins. Co. 181 Wis. 425.

justification nor excuse for re-examination of the question, and must hold that the plaintiff is entitled to recover in view of the fact that the finding of the trial court exonerated plaintiff from any fraudulent or intentional concealment of the conditional nature of his title to the truck.

It is urged that the rule of *Bostwick v. Mutual L. Ins. Co.* 116 Wis. 392, 89 N. W. 538, 92 N. W. 246, where knowledge of the contents of a life insurance policy was imputed to the insured when he attempted to repudiate the same several months after its receipt, should be here invoked to defeat plaintiff's recovery. It must be remembered that in that case the plaintiff was attempting to repudiate the policy and not to collect thereon. The following observation made in *Welch v. Fire Asso.* 120 Wis. 456, 98 N. W. 227, concerning a similar situation is a sufficient answer to this contention. It was there said:

"It is well understood that the judicial rule here discussed is peculiar to insurance contracts, and significantly exceptional in that it ignores the familiar principle applied to written obligations generally, that he who becomes a party to such an obligation is presumed to have knowledge of its contents and is bound thereby, unless by some artifice resorted to by the other party thereto, reasonably calculated to prevent or deter him from obtaining such knowledge, he is so prevented or deterred."

*By the Court.*—Judgment affirmed.