TALUC, Appellant, vs. FALL CREEK FARMERS MUTUAL FIRE INSURANCE COMPANY, Respondent.

*December 11, 1930—January 13, 1931.*

For the appellant there was a brief by *Perry & Perry* of Black River Falls, and oral argument by *H. M. Perry*. *W. H. Frawley* of Eau Claire, for the respondent.

FAIRCHILD, J.   The evidence before the court at the time of nonsuit showed that the agent of the insurance company filled out the application for insurance and without making any inquiry of plaintiff inserted the answers on which it now bases the defense against plaintiff's claim.   The agent had before him the deed under which plaintiff and his wife acquired title to the property insured.   In order to permit the defendant to avoid its policy it must be given the advantage of the misstatement as to ownership of the farm, which is due to the mistake or fault of its own agent and not to fraud or bad faith on the part of the assured.   The plaintiff was not allowed to prove that the defendant's agent, at the time of issuing the policy of insurance, had knowledge of the existence of the mortgage on the farm.

Every-day experience underlies the rule that it is not nec-

essarily negligence for the applicant for insurance to fail to read the application or the policy and that misstatements inserted in the application by the agent without the knowledge of the assured do not become misrepresentations of the insured by reason of the fact that he signed the application. Ordinarily persons making contracts of insurance do not read carefully the application, and a very small per cent., in all probability, of those securing insurance ever read or understand the contents of the policy. Because of this fact the law has placed restrictions of an unusual nature, considering contracts as they are generally treated, upon the parties seeking to avoid the terms of a policy of insurance. "When no inquiries are made, the intention of the assured becomes material, and to avoid the policy it must be found not only that the matter was material, but also that it was intentionally and fraudulently concealed." Wood, Fire Insurance, p. 388; *Collum v. National Fire Ins. Co.* 181 Wis. 425, 195 N. W. 333.

The law places the burden of mistake upon the shoulders of him who makes it and keeps unjust advantage from him who would profit by his own fault. As a practical method of protecting one who secures insurance without fraud or misrepresentation from losing its benefit, our legislature enacted sec. 209.06, Stats., which reads:

"(1)· No oral or written statement, representation, or warranty made by the insured or in his behalf in the negotiation of a contract of insurance shall be deemed material or defeat or avoid the policy, or prevent its attaching unless such statement, representation, or warranty was false and made with actual intent to deceive or unless the matter misrepresented or made a warranty increased the risk or contributed to the loss."

The clause in the policy providing: "If any building insured in this policy stands on land not owned in fee simple

by the assured, or if the assured's interest in any of the property is not absolute or is less than a perfect title, or if any of the insured property is incumbered when insured, then in such case such fact or facts must be specifically disclosed by the assured to this company, and such fact or facts mentioned in writing in or indorsed on this policy, otherwise this insurance shall be void and of no effect as to such property," does not in this case overcome the effect of the statute quoted.

The learned trial court was of the opinion that the general knowledge of the agent in regard to it (the mortgage) "wouldn't answer the purpose;" that there must be the specific disclosure and the insertion in or indorsement on the policy. The effect of his ruling is to relieve the policy of limitations fixed by legislative enactment. The very evident intent of sec. 209.06 is to permit one to recover when he, acting in good faith, has done honestly all he is led by the agent of defendant to believe he is required to do to secure protection by insurance.

With the defendant, through its agent, in possession of all the facts, filling out the application for the plaintiff, the plaintiff may well be entitled to a reformation of the contract as to the true owners of the title and to have the question of his right to recover submitted to the jury. *Barly v. Public Fire Ins. Co., post,* p. 338, 234 N. W. 361 (decided herewith).

*By the Court.*—Judgment reversed and cause remanded for further proceedings according to law.