Moe, Respondent, vs. Allemannia Fire Insurance
Company of Pittsburgh, Appellant.

*September 14—December 6, 1932.*

For the appellant there were briefs by *Linderman, Ramsdell & King* of Eau Claire, and oral argument by *George Y. King.*

For the respondent there were briefs by *Alexander Wiley* and *Robert L. Wiley,* both of Chippewa Falls, and oral argument by *Alexander Wiley.*

The following opinion was filed October 11, 1932:

ROSENBERRY, C. J. The policy contained a clause as follows:

"*Chattel mortgage.* Unless otherwise provided by agreement in writing added hereto, this company shall not be liable for loss or damage to any property insured hereunder while incumbered by a chattel mortgage, and during the time of such incumbrance this company shall be liable only for loss or damage to any other property insured hereunder." Standard fire insurance policy, lines 62–67.

The trial court was of the opinion that the situation was saved by the provisions of sec. 209.06 (1), Stats., which provides:

"No oral or written statement, representation, or warranty made by the insured or in his behalf in the negotia-

tion of a contract of insurance shall be deemed material or defeat or avoid the policy, or prevent its attaching unless such statement, representation, or warranty was false and made with actual intent to deceive or unless the matter misrepresented or made a warranty, increased the risk or contributed to the loss."

Applying this section to the facts in the case, the trial court reached the conclusion that "the statute was intended to afford a remedy in a case of this kind and that the plaintiff is entitled to judgment for the entire amount of his loss, with interest and costs."

It is to be noted that sec. 209.06 applies only to statements, representations, or warranties made by the insured. No warranty or representation was made by the insured. He did not represent that the property was free from incumbrance. He did not warrant that it would remain so. He agreed that no property should be covered by the policy of insurance when in force which was incumbered by a chattel mortgage. This clause clearly relates to the extent of the coverage and not to the title of the property either at the time of the execution and delivery of the policy or thereafter. The insured simply agreed that any incumbered property shall not be within the terms of the policy. *Prentiss-Wabers S. Co. v. Millers Mut. Fire Ins. Asso.* (1927) 192 Wis. 623, 211 N. W. 776, 213 N. W. 632. The case of *Collum v. National Fire Ins. Co.* (1923) 181 Wis. 425, 195 N. W. 333, dealt with a warranty, not with a coverage clause of the contract. *Olson v. Herman Farmers Mut. Ins. Co.* 187 Wis. 15, 203 N. W. 743, dealt with a warranty and sec. 209.06 (1) was held to apply. It does not appear that sec. 209.06 has been overlooked in any case where applicable. Confusion arises because of the failure to distinguish between representations and warranties and agreements as to what is covered. If there be a chattel mortgage upon the property or the property be subsequently incum-

bered, under the terms of the standard fire insurance policy that operates to remove the incumbered property from the protection afforded by the policy.

There being nothing at stake except the right to recover the value of the incumbered destroyed property, the complaint should be dismissed.

*By the Court.*—Judgment reversed, and cause remanded with directions to dismiss the plaintiff's complaint.

A motion for a rehearing was denied, with $25 costs, on December 6, 1932.