Mielke, Respondent, vs. National Reserve Insurance
Company, Appellant.

*September 12—October 9, 1934.*

For the appellant there was a brief by *Quarles, Spence & Quarles,* attorneys, and *Kenneth E. Smart* of counsel, all of Milwaukee, and oral argument by *Mr. Smart.*

For the respondent there was a brief by *Dwyer & Dwyer* of Green Bay, and oral argument by *Clement W. Dwyer.*

ROSENBERRY, C. J. The defendant upon his appeal makes three claims: (1) That even though the mortgage is void, the moral risk remains and under such a state of facts the coverage rule applies; (2) that no exemptions were claimed or established upon the trial; and (3) that the damages were agreed upon by the plaintiff and defendant's adjuster and fixed at $402.30.

In *Moe v. Allemannia Fire Ins. Co.* 209 Wis. 526, 244 N. W. 593, it was held that the provision of the standard insurance policy, which provided that the "company shall not be liable for loss or damage to any property insured hereunder while incumbered by a chattel mortgage," related to coverage, and that by that term of the policy the insured and the insurer agreed that incumbered property should not be within the terms of the policy.

A determination of the question raised requires us to consider the effect of a chattel mortgage upon exempt property. The statute relating to exemption of property from execution provides:

"Section 272.19 Whenever personal property shall be seized on attachment or execution and any part thereof shall be exempt from such seizure under any provision of law exempting to the debtor property of like kind to a specific amount in value and such exemption shall be claimed on the part of the debtor or his wife," etc., an appraisement shall be made.

Section 241.08 provides: "Nor shall a chattel mortgage of personal property which is by law exempt from seizure

and sale upon execution be valid unless the same be signed by the wife of the person making such chattel mortgage, if he be a married man," etc.

If the property mortgaged consisted of specific property declared to be exempt, the mortgage would no doubt be invalid upon its face. An instance of such property is the family bible, family pictures, school-books, the library of the debtor, etc. When, however, the exemption relates to property of like kind to that seized upon execution and the exemption is to a specific amount in value as in this case, the exemption must be claimed in order to make the provisions of the exemption statute effective. In such case the mortgage may or may not affect the title to the property, depending upon the claim set up by the debtor or his wife at the time of its seizure. If no claim is made and property of that class is seized and sold the exemption is held to be waived. In this case from the very nature of the circumstances no claim of exemption had ever been made because the circumstances which give rise to the necessity of a claim had not occurred. Therefore the chattel mortgage was effective at the time the property was damaged by fire, and under the decision in *Moe v. Allemannia Fire Ins. Co., supra,* the property covered by the chattel mortgage was withdrawn from the protection of the insurance policy by the agreement of the parties.

The court of appeals of the state of New York dealt with a somewhat similar provision in *Lipedes v. Liverpool & L. & G. Ins. Co.* 229 N. Y. 201, 128 N. E. 160, 13 A. L. R. 550. That court held that the mere fact that the mortgage was invalid under the usury laws of the state of New York did not diminish the moral hazard. It said:

"It [the mortgage] may, if enforcement is resisted, lack legal efficacy, but it exists as a fact and has moral efficacy in point of fact. . . . Property incumbered by a chattel mortgage may cease to be a good moral risk. That the necessi-

ties or the ignorance of the insured have forced him into the hands of the usurer does not make the information sought a matter of indifference to the insurer, but rather the contrary."

The provision of the New York standard policy was—

"This entire policy . . . shall be void . . . if the subject of insurance be personal property and be or become incumbered by a chattel mortgage."

In the *Lipedes Case* the incumbrance worked a forfeiture of the policy. Such is not the result under our law as existing or subsequent incumbrances simply operate to withdraw the property from the protection of the policy. If we were obliged to rest the case upon that ground, we should adopt the reasoning of the New York court of appeals. The clause is inserted to afford the insurer the protection which it has by reason of the fact that the insured is the owner and therefore interested in the property. Under our law a chattel mortgage not only works a change in the title but subjects the mortgagor to the prospect of seizure at any time when the mortgagee deems himself insecure. The moral risk is the same where the mortgage is valid and where it is invalid if its invalidity be unknown to the insured. Plaintiff is entitled to recover for the damages done to that part of the property which was not covered by the chattel mortgage. As the amount of damage was not separately ascertained by the trial court, the judgment must be reversed and the cause remanded to permit that to be done.

Other questions raised become immaterial and are not decided.

*By the Court.*—Judgment reversed.