GRANZOW, Respondent, vs. OAKLAND MUTUAL FIRE INSURANCE COMPANY, Appellant.

*November 11—December 7, 1943.*

301

302

For the appellant there was a brief by *Earl H. Munson* of Cambridge, attorney, and *George Kroncke, Jr.,* of Madison of counsel, and oral argument by *Mr. Kroncke.*

For the respondent there was a brief by *Mistele & Smith* of Jefferson, and oral argument by *Lynn H. Smith.*

FAIRCHILD, J.   The evidence sustains the findings made below.   It shows an intimacy of the secretary of appellant with the affairs of the respondent that would make it quite impossible for any misleading of the appellant as to the character and location of the property insured.   The contention that the policy is void because the respondent for nineteen months was living in Madison, outside the limits within which appellant was to issue its policies under sec. 202.06, Stats., is without merit.   The application covered real and personal property on plaintiff's farm in the town of Sumner.   There was no attempt to insure any of his property in Madison.   Neither is there any reason for reopening the issue relating to the delinquency in payment of certain assessments.   The trial court held correctly that since there was no effort on the part of appellant to treat the policy as void as a result thereof before the fire and the assessment having then been paid, there was a waiver of this condition.

The only other issue is whether the plaintiff can be held responsible for failing to list an incumbrance on his property on his application when the insurance agent had complete knowledge of such incumbrance and did not question the plaintiff about it.

The circumstances of this case are similar to those in *Taluc v. Fall Creek Farmers Mut. F. Ins. Co.* 203 Wis. 319, 234 N. W. 364, and the principle of law controlling there must govern here.   In that case, too, an agent failed to include in the application the mortgage, the existence of which he was

well aware, and the defendant company refused to pay. The legislature has provided in sec. 209.06 (1), Stats., that:

> "No oral or written statement, representation or warranty made by the insured or in his behalf in the negotiation of a contract of insurance shall be deemed material or defeat or avoid the policy, unless such statement, representation or warranty was false and made with intent to deceive, or unless the matter misrepresented or made a warranty increased the risk or contributed to the loss."

This was enacted to prevent an insured's losing the benefit of a policy when without fraud or misrepresentation on his part, and acting in good faith, he answers all questions asked him by the agent of the insuring company. There is ample evidence for the conclusion that the appellant's agent knew of the lien of the $1,500 mortgage and of the business of the respondent. As to the other mortgages, they appear to have been paid. The representative of the owner of those mortgages, a Mr. Logan, testified that the respondent did business in Madison and while there gave chattel mortgages on horses; that these horses upon which the witness' company loaned money were usually kept in Madison, and that when the witness talked to Mr. Porter about Granzow's business affairs, he showed the company's file on Granzow to Mr. Porter. As said, there was no attempt by respondent to insure any of his property located in Madison.

*By the Court.*—Judgment affirmed.