SUMMERS, Respondent, vs. OAKFIELD TOWN MUTUAL FIRE INSURANCE COMPANY, Appellant.

*February 14—March 14, 1944.*

For the appellant there was a brief by *Wilkie, Toebaas, Hart, Kraege & Jackman* and *Charles H. Kennedy,* all of Madison, and oral argument by *W. L. Jackman.*

For the respondent there was a brief by *McGowan & Geffs,* and oral argument by *Eli Block,* all of Janesville.

ROSENBERRY, C. J.   The defendant is a town mutual fire insurance company organized under secs. 1927 to 1941, Stats. 1898.   The territory within which it may do business is specifically limited by its articles of organization to Fond du Lac county and the towns of Lomira, Chester, Leroy, and Trenton in Dodge county.

On March 25, 1939, the defendant issued a policy of fire insurance to the plaintiff which by its terms covered specifically described personal property—

"while located and contained as described herein, . . . but not elsewhere [description of property] all while contained on the above-described property, all situated in section 31, town of Byron, county of Fond du Lac, state of Wisconsin."

At the time the policy was issued the insured household goods were stored in the barn of plaintiff's father-in-law in the town of Byron.   After the policy was issued, and before the destruction of the goods, the plaintiff moved about from place to place taking portions of the insured property with

him. In November, 1940, the plaintiff moved to Bristol in Kenosha county, taking all of the property covered by the policy with him. On May 17, 1941, the plaintiff moved to the town of Rochester, Racine county, taking the property with him to that place where it remained until August 31, 1941, when it was destroyed by fire.

The facts are not in dispute and the question presented is one of law.

In the course of its opinion the trial court said:

"In this case I find nothing in any of the provisions of the articles of organization or the by-laws, or any of the varied terms of the policy, that cancel the policy by moving the property outside of the territorial limits except to give the company the option to annul the policy as provided in section 29. This not having been done it must follow as the night the day that the policy at the time of the fire was in full force and effect."

The court made and filed findings in accordance with the above conclusion and directed that judgment be entered for the plaintiff. The trial court treated the question as one involving waiver of a forfeiture under a policy of insurance. Counsel for the plaintiff here adopt the same view in the main.

It is the contention of the plaintiff that the defendant having knowledge of the removal of the goods to the place where they were destroyed and thereafter continuing to collect assessments elected to keep the policy in force. Plaintiff further contends that the provisions of the articles restricting the territory in which the defendant may do business applies only to the writing and issuance of the policy of insurance, and further contends that when the property is situated in the company's territory at the time the insurance is written, the subsequent removal of the property outside of the specified territory does not cancel the policy. We find it necessary to consider only the first of these contentions.

A consideration of the facts in this case discloses that there is no question of waiver or as the plaintiff calls it "estoppel."

The question here is, Was the property at the time it was destroyed within the coverage of the policy? A town mutual insurance company issuing a policy of insurance may provide for such coverage as the parties may agree upon. In this case the company insured the plaintiff . . . against—

"all direct loss and damage by fire and lightning . . . to the following described property *while located and contained as described herein,* . . . *but not elsewhere,* to wit: . . . All situated in the town of Byron, section 31, county of Fond du Lac, state of Wisconsin."

It would be difficult to use more explicit language to indicate that the policy covered the property described only while it was in section 31, town of Byron. When the plaintiff removed the insured property from its then location the policy no longer covered it by its express terms.

This case is ruled in principle by *Rosenthal v. Insurance Co. of N. A.* (1914) 158 Wis. 550, 556, 149 N. W. 155, where the matter was fully discussed and, among other things, the court said:

"The law permits a contract of insurance against loss by fire to be limited to loss in a specified building if the parties so agree. Also to be unlimited as to place of loss if the parties so agree. . . . It is in all such cases a question of the intention of the parties, and the first and most decisive test of the intention of the parties to the written contract is the language employed. If the words 'while contained in the frame brick front barn situate at the rear of 425 Fifth street and not elsewhere' are not sufficient, what form of expression would be? . . . There might be waiver of a forfeiture or of a breach of contract, but waiver as a ground for extending the scope of a written contract beyond the usual and ordinary meaning of the language employed would be quite a novelty."

Judgment in favor of the insured was reversed.

The principle was applied under other circumstances in *Moe v. Allemannia Fire Ins. Co.* (1932) 209 Wis. 526, 527, 528, 244 N. W. 593. The policy provided:

"Unless otherwise provided by agreement in writing added hereto, this company shall not be liable for loss or damage to any property insured hereunder while incumbered by a chattel mortgage. . . ."

The trial court held that this was a representation or warranty made by the insured and that therefore under the provisions of sec. 209.06 (1), Stats., the plaintiff was entitled to recover. The court held that the quoted language did not constitute a warranty or a representation but an agreement—

"that no property should be covered by the policy of insurance when in force which was incumbered by a chattel mortgage. This clause clearly relates to the extent of the coverage and not to the title of the property either at the time of the execution and delivery of the policy or thereafter." See also *Mielke v. National Reserve Ins. Co.* (1934) 216 Wis. 148, 256 N. W. 776.

In this case the insured agreed that the property should be covered in its then location and not elsewhere. The principles applicable to waiver of forfeiture have no application under such a policy. The doctrine of waiver applies with respect to terms of a contract already entered into. It does not operate to make a new contract.

The plaintiff relies very strongly upon *Kesler v. Farmers' Mutual Fire & Lightning Ins. Asso.* (1913) 160 Iowa, 374, 387, 141 N. W. 954. In that case the court said:

"There is no provision in the policy, the articles of incorporation, or by-laws, restricting the property to a location within that territory, except the provision found in section 2 of the by-laws, providing that the association will not be liable for loss by fire when the property insured is off the premises described in the application and policy."

In this case there is a provision in the policy that the insurance is against loss by fire of the property described "while located and contained as described herein but not elsewhere."

The doctrine of that case is not applicable to the facts in this case.

*By the Court.*—The judgment appealed from is reversed, and cause remanded with directions to dismiss the plaintiff's complaint.