STRAW and another, Appellants, vs. INTEGRITY MUTUAL INSURANCE COMPANY, Respondent.

*October 16—December 4, 1945.*

98

*Daniel I. D'Amico* of Cumberland, for the appellants.
*Edward J. Byrne* of Appleton, for the respondent.

BARLOW, J.  Defendant insurance company claims it is discharged from liability by reason of the following clause in the insurance policy:

*"Chattel Mortgage.*  Unless otherwise provided by agreement in writing added hereto, this company shall not be liable for loss or damage to any property insured hereunder while incumbered by a chattel mortgage, and during the time of such

incumbrance this company shall be liable only for loss or damage to any other property insured hereunder."

The policy in question was a standard form policy authorized to be issued in the state of Wisconsin. It is conceded that no notice was given to the insurance carrier at the time of the execution of the second and third mortgages. Plaintiff contends that in the execution of the second and third mortgages, although the principal amount due on the mortgage was increased each time, it did not increase the risk, moral, or otherwise, or increase the hazard because in each instance there was additional personal property included in the mortgage, keeping the ratio of security as against indebtedness equal in all of the mortgages.

If this action involved only the original mortgage, regardless of the fact that the company did not consent to it in writing, it would be liable for the loss of the insured livestock, and if the subsequent mortgages could be treated as renewals of the original mortgage it would not forfeit the policy. 29 Am. Jur., Insurance, p. 504, sec. 628. A standard policy (and this is a standard policy) containing standard provisions required by statute should be construed not as a legislative enactment but as a voluntary contract which, like any other, derives its force from the consent of the parties. It should be construed as a contract according to its plain provisions and not as a statutory provision, but as its language is prescribed by statute, that fact should be kept in view and the language should not be extended by construction beyond its plain meaning. 44 C. J. S., Insurance, p. 1139, sec. 289. *Reeves v. Midland Casualty Co.* (1920) 170 Wis. 370, 174 N. W. 475.

If there had been no mortgage against this property at the time this policy was issued and the property was then mortgaged without notice to the company or its consent obtained under the provision of the policy, the company would be dis-

charged from liability as to the particular property in case of loss. *Moe v. Allemannia Fire Ins. Co.* (1932) 209 Wis. 526, 244 N. W. 593.

Where the obligation under an approved mortgage is reduced and a second mortgage then placed upon the property, making the total indebtedness less than the original mortgage, the insurer is discharged from liability. *Estreen v. Fire Association of Philadelphia* (1938), 229 Wis. 494, 282 N. W. 573. The increase of risk or hazard applies to warranties, but the provision under consideration is an agreement between the parties, is a part of the policy, and binding upon both of them. It is argued that sec. 209.06, Stats., lends aid to the contention of plaintiffs that there must be an increased risk in order to relieve the insurance carrier, and while we feel this is a very valuable and proper statute, we do not consider it has any application to the facts in this case.

The fact that the insurer had knowledge there was a mortgage against this particular property does not permit the insured to obtain a larger loan on the same property and use part of the funds to pay off the existing mortgage and the additional funds for personal use without discharging the insurer. Neither the second nor third mortgage can be divided so as to leave the liability of the property in question at the same amount as it was under the first mortgage, and the additional property liable for the additional loan. The property in question is subject to the entire indebtedness under both the second and third mortgages. The chattel mortgage provides that if the mortgagee "shall at any time deem the said debt insecure, said mortgagee is hereby authorized and empowered to take immediate possession of said property, *or any part thereof,* and sell the same and apply the proceeds as above provided." The same livestock that was subject to the original mortgage of $639.24 at the time of the issuance of the policy was subject to the mortgage indebtedness of $1,300 at

the time of the loss. This makes it a new and independent transaction, and even under the most favorable construction for the insured it would have to be treated as an increased loan on the particular property. While every reasonable inference should be made to sustain insurance written and accepted in good faith, the facts should not be distorted and unnatural and unreasonable inferences resorted to. *Kitch v. Northwestern Nat. Ins. Co.* (1926) 189 Wis. 378, 207 N. W. 716. In *Prentiss-Wabers S. Co. v. Millers M. F. Ins. Asso.* (1927) 192 Wis. 623, 627, 211 N. W. 776, 213 N. W. 632, it was held, relative to lines 62–67 of sec. 203.01, Stats., which is that portion of the standard policy of fire insurance issued in this case and relied upon by defendant as a discharge from liability, that "this provision, which is statutory in character, declares a rule of public policy binding alike upon the insured and the insurer and avoids the insurance." This was in substance affirmed in *Moe v. Allemannia Fire Ins. Co.* (1932) 209 Wis. 526, 244 N. W. 593, and in *Mielke v. National Reserve Ins. Co.* (1934) 216 Wis. 148, 256 N. W. 776. In *Estreen v. Fire Association of Philadelphia* (1938), 229 Wis. 494, 497, 282 N. W. 573, where plaintiff had reduced a chattel mortgage from $589 to $98.28 and then placed a second mortgage on the property without notice to the insurance company and a loss occurred, it was held, with reference to the same provision here involved that "this provision is plainly one of coverage."

It was ably contended by counsel for appellants that there are facts distinguishing the cases that establish the rule of law which applies in this case, but we are unable to agree with his contentions. It is unfortunate neither the insured nor the mortgagee was aware of the fact that it was necessary to obtain the written consent of the insurer to place a new incumbrance on the property in question, or if they did know they were negligent in doing so, and we have no doubt that the

insurer would have so consented. But this does not permit us to ignore the law of this state as set forth in numerous decisions.

It is argued the paragraph in question has been removed from the standard fire insurance policy by ch. 474, Laws of 1945, which can in no way affect the present policy.

*By the Court.*—Judgment affirmed.

FAIRCHILD, J. (*dissenting*). At the time appellant made application for the insurance policy money was due and owing on a chattel mortgage incumbering the cattle insured. Appellant informed the insurance agent of the mortgage and offered to find out the exact amount due thereon. But the agent told him it was not necessary and that the insurance policy would be written to cover all parties concerned. There, it seems to me, can be no doubt that the coverage was then complete. The insured was protected by sec. 209.06, Stats. *Taluc v. Fall Creek Farmers Mut. F. Ins. Co.* (1931), 203 Wis. 319, 234 N. W. 364; *Granzow v. Oakland Mut. Fire Ins. Co.* (1943) 244 Wis. 300, 12 N. W. (2d) 57.

When the subsequent mortgage was given, the insured was acting upon the impression given him by the agent, that the mortgage was of no consequence as affecting the insurance. So far as the record here discloses, additional security was included in the subsequent mortgage, so that there is nothing to suggest an increase in risk to the Insurance Company. By the agent's act, the rights of the Insurance Company under the clause in question were waived as to an incumbrance if the risk to the company was not thereby increased.

A waiver is a voluntary surrender of a right. It exists when the party does not insist or gives up some advantage but for the waiver he would have enjoyed. While it is not in a proper sense a species of estoppel, yet if a party to a transaction induces another to act on the reasonable belief that he has waived or will waive certain rights, he will be estopped to

insist on such rights, remedies, or objections to the prejudice of the other. *Mitchell v. Kemp & Burpee Mfg. Co.* (3d Cir. 1915), 218 Fed. 843, 846. In *Moe v. Allemannia Fire Ins. Co.* (1932) 209 Wis. 526, 244 N. W. 593, cited in the majority opinion, there was no knowledge of the incumbrance by the agent, so there could be no waiver. But in this case, the assurance of the agent that the incumbrance was not material was such as to lead insured to follow the course of conduct which he did, and to which the insurer, unless the risk is increased, cannot now object. I am of the opinion that the case should be returned for findings as to whether there can exist, in these circumstances, any disadvantage to the Insurance Company, and whether the transfer of cattle from one farm to the other was only temporary.