49 So.2d 193

**HANOVER FIRE INS. CO. OF NEW YORK v. SALTER.**

**3 Div. 592.**

Supreme Court of Alabama.

Nov. 24, 1950.

Edw. F. Reid, of Andalusia, for petition-
er.

502

Edwin C. Page, Jr., of Evergreen, opposed.

FOSTER, Justice.

This is a fire insurance case for a loss by fire of a truck alleged to have been insured against such loss by appellant. There was judgment for plaintiff, appellee, in the circuit court, and the defendant prosecuted its appeal to the Court of Appeals, where the judgment was affirmed. Appellant brings it to us on a petition for certiorari.

The questions which were considered by the Court of Appeals and which are presented to us for review relate to rulings on the pleadings. Those rulings relate primarily to a replication filed by plaintiff to several pleas of defendant. The demurrer to the replication was overruled. It is that ruling particularly which seems to be the ground upon which the petition here is founded. But in order to understand it, it is necessary to refer to the pleas and the rulings on those pleas, although those rulings are not directly challenged in this petition.

The Court of Appeals in its opinion refers to pleas 2 and 3, in which the defendant sets up provisions of the policy to the effect that the policy does not apply while the automobile is subject to encumbrances not declared in the policy and avers that *at the time of the fire* the insured truck was encumbered by a mortgage not declared in the policy.

Referring to the pleas themselves, in order to get the exact status of them, we find that they are based on a clause in the policy in the following language: "This policy does not apply: (b) under any of the coverages, while the automobile is subject to any bailment lease, conditional sales, mortgage or other encumbrances not specifically declared and described in this policy." Those pleas then alleged that *at the time of the fire* the said truck was encumbered by a mortgage not specifically declared and described. The opinion of the Court of Appeals states that the demurrer to these pleas was that they fail to allege that the risk of loss was increased by the execution of the mortgage or that said mortgage was given with the intent to defraud, and then the opinion states that because of the defect in said pleas, as pointed out in the demurrer, the court correctly sustained the demurrer.

We do not think this was a proper interpretation of the meaning of section 6, Title 28, Code. A clause of the kind here in question is a valid stipulation, the breach of which by a *subsequent* encumbrance constitutes a complete defense unless it is waived. While the authorities do not base such statement upon the fact that the mortgage on personal property is an increase of risk, it has been declared by this Court that such is a fact and of course it will not be necessary to so allege. Security Ins. Co. v. Laird, 182 Ala. 121, 62 So. 182. But such a stipulation was within the contractual

right of the insurance company to insert in the policy. Security Ins. Co. v. Laird, supra; Sun Ins. Office v. Scott, 284 U.S. 177, 52 S.Ct. 72, 76 L.Ed. 229; 29 Am.Jur. 501, section 624; 45 Corpus Juris Secundum, Insurance, § 567 p. 341; 26 Corpus Juris, 243, :section 307.

We have many cases in this State which recognize that general principle and state the circumstances under which it may be rendered inapplicable. It is treated as a forfeiture provision rather than an absence of coverage. Home Ins. Co. v. Campbell Motor Co., 227 Ala. 499, 150 So. 486; American Ins. Co. v. Millican, 228 Ala. 357, 153 So. 454; Cowart v. Capital City Ins. Co., 114 Ala. 356, 22 So. 574.

This status as to subsequent encumbrances is altogether different from that referred to in section 6, Title 28, Code, and is not dependent upon representations or warranties which the insured may make. It is a contractual stipulation and has effect as set out in the policy. That distinction is drawn in the following cases: Lee v. Hartford Fire Ins. Co., 223 Ky. 533, 4 S.W. 2d 372; Niagara Fire Ins. Co. v. Hankins, 220 Ky. 234, 294 S.W. 1070; Straw v. Integrity Mutual Ins. Co., 248 Wis. 96, 20 N. W.2d 707, 163 A.L.R. 1396.

The statement from 29 Am.Jur. 498, section 620, which was quoted in the opinion of the Court of Appeals, does not relate to a policy contract which has such stipulation against subsequent encumbrances. Whereas the treatment of the subject in section 624, page 501, supra, applies to such a condition in the policy. The distinction between the two is quite manifest, as is also pointed out in 26 Corpus Juris 243, supra, and 45 Corpus Juris Secundum, Insurance, § 532, pp. 262 and 263.

It will be observed that pleas 2 and 3 refer to a status existing at the time of the fire and not alleged to be at the time of the issuance of the policy. ·

After the demurrer had been sustained to these pleas, additional pleas were added: all based upon the same provision of the policy and all averring that at the time the *policy was issued and at the time* of the fire, the truck was encumbered by a mortgage.

Plea 7 alleges that the plaintiff withheld from the defendant information as to the existence of said mortgage, with actual intent to defraud. Plea 8 is to the same effect. In plea 9 it is alleged that plaintiff misrepresented the existence of said mortgage by representing to defendant's agent, who wrote this policy, that said truck was unencumbered by a mortgage and that said misrepresentations were made by plaintiff with actual intent to deceive. Plea 10 is substantially the same. Plea 11 alleged a misrepresentation and that it increased the risk of loss. Plea 12 is substantially the same as plea 11.

Pleas 4, 5 and 6 rely upon a clause in the policy avoiding it if the 'insured has concealed or misrepresented any material fact or circumstance and averring that plaintiff concealed or misrepresented the material facts relating to the insurance. Those breaches of such clause are stated in terms too general. The demurrer to them was sustained, and we think properly so for that reason. The pleas are also subject to the demurrer which was interposed, that they do not allege that the matter misrepresented was with the actual intent to deceive or increased the risk of loss. No further pleas based on that principle were filed.

From the foregoing discussion, it seems apparent to us that the demurrer to pleas 2 and 3 should have been overruled, and the demurrer to pleas 4, 5 and 6 were properly sustained. The demurrer to pleas 7 to 12, inclusive, were properly overruled, although they impose a burden on the defendant which the law does not place.

The insistence of petitioner here for certiorari seems to be based upon that part of the opinion of the Court of Appeals with reference to the sufficiency of the replication to pleas 7 to 12, inclusive. That part of the replication is set out in the opinion of the Court of Appeals. The replication seems to be founded upon the fact that at the time of the issuance of the policy neither the agent who wrote the same, nor any other agent of the defendant, asked any information of the plaintiff relative to any provision or clause in said policy with respect to any bailment, lease, conditional

sale, mortgage or other encumbrance, and the plaintiff made no statement to said agent relative to said mortgage or encumbrance, and that plaintiff had no knowledge that said mortgage or information relative thereto was material to the risk, or that the risk would have been rejected by defendant if defendant had known thereof, and plaintiff made no statement or stipulation relative to the said mortgage or encumbrance. There was a mortgage then made to the Bank of Brewton, of which the insurance agent was president, and the policy was held by the bank and was never read or in fact ever came into plaintiff's possession and he did not know its contents. The agent knew of the mortgage to the bank and no question is raised as to its effect on the policy.

In order to determine the applicability of the replication, it is necessary to analyze the effect of pleas 7 to 12, inclusive, and in doing so a distinction is drawn between a status where a mortgage is executed after the issuance of the policy and where the mortgage was in existence when the policy was issued and continued in existence until the loss occurred. In this connection, we have considered *supra* only that status where a mortgage is placed upon the property after the issuance of a policy.

When the encumbrance on the insured property exists at the date of the policy in violation of a provision such as is here relied on, our inquiry is twofold. First, whether such a policy provision is merely a condition to the coverage of the named subject matter, or whether the proposed subject matter is of a sort not included in the coverage as described in the policy. If it is but a condition to the coverage of the named and described subject matter, the condition can be abrogated as of the effective date of the policy by waiver or estoppel on account of circumstances then occurring, notwithstanding the terms of the policy as we will later show. If an abrogation of the condition in the clause under consideration would serve to add subject matter which the description of the property insured does not cover, it would be ineffective for that purpose since property not described as subject matter insured can-

not be added by an abrogation of such a condition occasioned by waiver or estoppel. If the status made by the clause in question is merely to create a condition on which the described subject matter is to be treated as in the coverage as of the date of the policy, our inquiry then is as to what circumstances are sufficient to create a waiver of the condition or an estoppel to claim it.

The following discussion is first to analyze the clause in that respect and, if the condition is subject to waiver or estoppel, to determine whether the replication sets up matter which invokes the principle of waiver or estoppel.

In the case of Fidelity Phenix Fire Ins. Co. v. Raper, 242 Ala. 440, 6 So.2d 513, we treated a stipulation in a policy as to coverage of a building while occupied as a dwelling by the owner and held that the clause did not permit the coverage to extend to the building not so occupied, and could not be made to extend to it by waiver or estoppel. And in Bankers Fire & Marine Ins. Co. v. Draper, 242 Ala. 601, 7 So. 2d 299, 302, we refused to extend that theory to a clause in a policy which covered the "following described property while located and contained as described herein and not elsewhere." We held that the condition as to the location of the property could be waived and that by doing so the principle of adding property to the coverage by waiver or estoppel did not apply. In the case of Home Ins. Co. v. Campbell Motor Co., 227 Ala. 499, 150 So. 486, referring to this question, we observed that the theory which prevented the addition to the coverage of property by waiver or estoppel did not apply except to add subject matter not theretofore described in it.

There is no distinction, here material, between waiver and estoppel. Yorkshire Ins. Co. v. Gazis, 219 Ala. 96, 121 So. 84.

With respect to matters which may be waived are included "unconditional and sole ownership", "concurrent insurance," as well as encumbrances. Westchester Fire Ins. Co. v. Green, 223 Ala. 121, 134 So. 881, 884; Girard Fire & Marine Ins. Co. v. Gunn, 221 Ala. 654, 130 So. 180; Cowart v. Capital City Ins. Co., 114 Ala. 356, 22 So. 574.

There seems to have been no thought in those cases that the coverage was added to by waiver or estoppel.

■ The subject matter of this contract is the truck and it is within the terms of the contract, but the contract contains a condition precedent to its effect as insurance on it. The question of whether such a status violates the principle against adding to the coverage by way of waiver or estoppel has been analyzed in 45 Corpus Juris Secundum, Insurance, § 674, p. 616, which we quote as follows: "As a general rule, the doctrines of waiver or estoppel can have a field of operation only when the subject matter is within the terms of the contract, and they cannot operate radically to change the terms of the policy so as to cover additional subject matter." The text cites our Campbell case, supra.

Our feeling is that such should be a proper interpretation of the principle.

■ The question then arises as to what facts will constitute a waiver or estoppel. Usually the failure of a company to inquire as to the existence of certain facts on which the validity of the policy is expressly conditioned has been held not to constitute a waiver of such condition although no representations are made by the insured. A contrary conclusion has been reached in other cases. 45 Corpus Juris Secundum, Insurance, § 721, p. 711, notes 68 and 69; 32 Corpus Juris 1343, section 616, notes 63 and 64; and again it is said in 45 Corpus Juris Secundum, Insurance, § 725, page 723, "A condition in a policy that it shall be void if the subject of the insurance is encumbered, or if it is encumbered and the consent of insurer to the encumbrance is not indorsed on, or attached to, the policy, is waived by the issuance of the policy with knowledge on the part of insurer or its agent of an existing encumbrance." See, 29 Am.Jur. 611, section 807.

■ The quotation in the opinion of the Court of Appeals from 4 Couch on Insurance, page 3170, and the cases cited by that authority in the note, sustain the view that the insurance company cannot claim the benefit of such a provision in respect to an encumbrance existing at the time of the issuance of the policy unless inquiry was made of the insured at the time with respect to such encumbrance. 26 Corpus Juris 318, notes 41 to 47, 45 C.J.S., Insurance, § 725. If such inquiry was made and a false answer given, the forfeiture would be available. Under those authorities if there is no active concealment and no inquiry is made of the insured and no false answer given in respect to it, the insurer cannot claim the benefit of the condition to the coverage. To illustrate the reason for holding that view we cite the case of Scottish Union & National Ins. Co. v. Wylie, 110 Miss. 681, 70 So. 835. Whereas the other view of the question is illustrated in Georgia Home Ins. Co. v. Hoskins, 71 Fla. 282, 71 So. 285.

The Court of Appeals in effect held that the condition to coverage was eliminated by waiver and estoppel in this instance, following the line of cases referred to in Couch on Insurance, supra.

■ We do not see why the principle of waiver and estoppel should be differently applied to this situation than it is to all others. There are many other provisions in fire insurance policies which serve to avoid it if they are violated by circumstances existing at the time of the issuance of the policy, such as the existence of other insurance, provisions requiring unconditional ownership of the property in fee simple, houses insured on leased premises. We do not know that it has ever been declared by our courts that in order to make such provisions available to the insurer on account of conditions existing at the time of the issuance of the policy, it is necessary that the insurer should have made inquiry of the insured with respect to them. That would in effect require an application in all cases of fire insurance for the company to be benefited by said conditions. We may say that it is a matter of common knowledge that provisions of such import are in fire insurance policies generally, including that against encumbrances and if facts exist at the time of the issuance of the policy which avoid it and which are unknown to the insurer then, and do not become known to the insurer until after the loss, the conditions to coverage in the policy will be ef-

fective, although the insured did not actively conceal the facts and in fact had no actual knowledge of the existence of such terms in the policy.

 If the agent of the insurance company, with authority to issue the policy, was informed of the existence of the mortgage at the time the policy was issued, the effect would be to eliminate that provision in the policy as applied to that situation based upon the consideration then passing. 26 Corpus Juris 317; 45 Corpus Juris Secundum, Insurance, § 725, p. 723; Phoenix Ins. Co. v. Copeland, 90 Ala. 386, 8 So. 48. But if neither they nor any other agent of the insurance company had notice of a mortgage at the time of the issuance of the policy and nothing was said about a mortgage, and no inquiry was made about the mortgage or any encumbrance, there is no reason why that stipulation in the policy should not be binding as any other stipulation, although the insured made no misrepresentation concerning it. Of course if the insured made a misrepresentation concerning it, as is alleged in pleas 9, 10, 11 and 12, the replication in question would be useless. The averment in said replication that plaintiff made no statement to said agent relative to said mortgage or encumbrance is a denial of those features of the pleas which allege that plaintiff did make a misrepresentation with respect to said mortgage, and the general issue to those pleas would present the question sought to be raised by the replication.

It is usually not reversible error to overrule a demurrer to a special replication, although it sets up matter admissible under a general denial of the allegations of the pleas. Buck Creek Lumber Co. v. Nelson, 188 Ala. 243, 66 So. 476.

The opinion of the Court of Appeals states that evidence was introduced to support the allegations of the pleading and that the tenor of the testimony follows the allegations of plaintiff's pleading, and that defendant's evidence was directed to a showing that the agent of defendant did inquire of the plaintiff at the time the policy was written as to what encumbrances were on the truck and was told that no others existed, and that plaintiff was informed that the insurance would not be written if there were other encumbrances on the truck.

In view of that status of the pleading, the rulings on the pleadings and the evidence, it would appear that no error exists in the opinion of the Court of Appeals to the extent complained of by petitioner, but we think it appropriate to make a statement of certain principles of law which were controlling in reaching the conclusion which the Court of Appeals asserted because some of them are not expressive of our interpretation of the law.

Certiorari denied.

LAWSON, SIMPSON and STAKELY, JJ., concur.